**JAMES MYERS, Appellant/Plaintiff**
**v.**
**JAMES DERR and DORI DERR, Appellees/Defendants**

S. Ct. Civ. No. 2007-049

Supreme Court of the Virgin Islands

September 26, 2008

ESZART A. WYNTER, SR., ESQ., Law Offices of Eszart A. Wynter, Sr., P.C. St. Thomas, USVI, *Attorney for Appellant.*

JAMES M. DERR, ESQ., St. Thomas, USVI, *Attorney for Appellees*.

HODGE, *Chief Justice*; MEYERS, *Justice Pro Tem*; and MOORE *Justice Pro Tem.*[1]

## OPINION OF THE COURT

(September 26, 2008)

PER CURIAM. Appellant James Myers (hereafter "Myers") appeals a Superior Court judgment awarding him nominal damages in the amount of $1.00 for a trespass claim successfully prosecuted against James and Lori Derr (collectively "the Derrs" or "Appellees"). Myers asks this Court to find that the trial court erred when it (1) failed to award damages for injury to his land and (2) declined to award any other general damages on the basis that Myers's complaint only requested compensation for injury to his land. For the reasons which follow, we shall affirm in part and reverse in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 19, 1995, Myers purchased a parcel of land from Rudolph Galiber (hereafter "Galiber") at a price of $29,000.00 for the purpose of building a home. Galiber provided Myers with a map detailing the boundaries of this parcel and a deed describing the property. The map showed a boundary separating Myers's parcel, designated as Plot 1B2-C1, from a contiguous lot owned by the Derrs, designated as Plot 1B2-C2. An appraisal conducted after the purchase valued Myers's property at $33,000.00.

In March 1996, Myers visited his parcel and observed a bulldozer excavating and removing soil from his property. After asking the bulldozer's operator who had given him permission to excavate the property, a woman — later identified as Dori Derr — indicated to Myers that the instructions and permissions to carry out the operation came from her. When Myers informed Mrs. Derr that the bulldozer operator was excavating his property, she replied, "You don't know what you bought," and walked away. (Trial Tr. 22, Feb. 27, 2007.) Subsequently, Myers

---

[1] Associate Justices Maria M. Cabret and Ive Arlington Swan are recused from this matter. The Honorable Ishmael A. Meyers, Sr. and the Honorable Thomas K. Moore have been designated in their place pursuant to title 4, section 24(a) of the Virgin Islands Code.

discovered that the Derrs had excavated the land to create a horse stable and riding ring on their lot.

Myers had contemporaneously been leasing land in a trailer park community for his trailer. After his landlord informed him that his lease would not be renewed, Myers anticipated relocating his trailer to his property. As a result of the Derrs' encroachment and excavation, the road was blocked, preventing Myers from accessing his property and relocating the trailer. When Myers's landlord obtained an order evicting him from the trailer park community, Myers leased an apartment at the rate of $648.00 per month due to his inability to situate the trailer on his property. Though Myers sought to have the land graded in a manner that would have made it convenient for him to place his trailer on it, Myers was advised that the way in which the Derrs excavated the land would create a hazardous condition if he graded his land. Accordingly, the bulldozer operator refused to undertake the operation.

Myers had another appraisal performed to assess the damage caused by the excavation. This appraisal concluded that the excavation covered one-third of Myers's acreage and reduced the value of his land by $24,500.00. Because the excavation was done to change the condition of the land by reducing the slope to flat land, the excavation created a sharp ridge on Myers's land rising from about two feet at the lowest elevation to about eight feet at the highest.

Myers filed suit against the Derrs in Superior Court on November 10, 1997. In his complaint, Myers requested damages, declaratory relief, and injunctive relief through a Temporary Restraining Order (TRO) and permanent injunction. In his complaint, Myers only requested that the court award him "compensation to [sic] the damage to his property." (Complaint 3.) The trial court denied the TRO and consolidated the complaint for damages with another action filed by the Derrs against Galiber, Myers, and several other parties.

The consolidated actions came to trial on February 27, 1998, but neither Myers nor his attorney made an appearance, apparently due to not having received notice of the trial date. At the end of the trial, the court dismissed the action against Galiber upon stipulation of the parties, and, on May 28, 1998, entered an order dismissing Myers's complaint for failure to prosecute. Myers appealed to the Appellate Division of the District Court of the Virgin Islands on June 3, 1998, and the Appellate

Division vacated the dismissal on August 14, 2001, remanding the case to the Superior Court for trial.

After remand, the Derrs filed an answer and counterclaim and instituted a third-party action against Galiber, which was later dismissed on *res judicata* grounds. After several judicial recusals, the case was scheduled for trial on February 27, 2007. The trial court heard testimony from several witnesses and entered judgment in Myers's favor, finding that the Derrs had encroached on his property. However, the court awarded Myers only nominal damages in the amount of $1.00. This judgment was entered by the clerk on March 8, 2007, and Myers's Notice of Appeal was filed on April 3, 2007.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

"The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees [and] final orders of the Superior Court." V.I. CODE ANN. tit. 4 § 32(a). Because the trial court's judgment was entered on March 8, 2007 and Myers's Notice of Appeal was filed on April 3, 2007, this appeal is timely. *See* V.I. S. CT. R. 5(a)(1) ("the notice of appeal required by Rule 4 shall be filed . . . within thirty days after the date of entry of the judgment or order appealed from . . .").

This Court reviews the lower court's factual findings for clear error. *Judi's of St. Croix Car Rental v. Weston*, 49 V.I. 396, 399 (V.I. 2008). The Superior Court's ruling on the adequacy of damages "will not be disturbed absent a showing of a manifest abuse of discretion by the trial court," *Seafarers Int'l Union of North America v. Thomas*, 40 V.I. 218, 42 F. Supp. 2d 547, 555 (D. V.I. App. Div. 1999), for an appellate court's "review of a damage award is 'exceedingly narrow.' " *Semper v. Santos*, 845 F.2d 1233, 1236 (3d Cir. 1988) (quoting *Williams v. Martin Marietta Alumina, Inc.*, 817 F.2d 1030, 1038 (3d Cir. 1987)). However, review is plenary when the lower court's decision involves legal application or statutory interpretation. *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 344 (V.I. 2007).

### B. The Trial Court Did Not Err When it Failed to Award Damages for Injury to the Land

Myers argues that the lower court applied the wrong legal standards when evaluating the damages to which Myers was entitled for injury to

his land resulting from the Derrs' encroachment. He further alleges that the court ignored factual evidence when determining the amount of damages that were due him. We shall address each purported error in turn.

### 1. Objections to the Superior Court's Method of Calculating Damages for Injury to the Land Have Been Waived

According to Myers, the lower court erred when it calculated damage to the land solely based on the diminution in the land's market value. Myers correctly notes that courts in other jurisdictions have held that trespass victims may have damages for injury to the land calculated using methods other than the diminished value rule. *See, e.g., Benton Gravel Co. v. Wright*, 206 Ark. 930, 175 S.W.2d 208 (1943) (awarding rental value of the property); *United States Steel Corp. v. Benefield*, 352 So. 2d 892 (Fla. Dist. Ct. App. 1977) (awarding restitution damages). Furthermore, Myers argues that even if application of the diminished value rule was proper, the lower court erred by applying it in light of the best and highest use of the land rather than taking into account Myers's intended use.

" 'It is well established that failure to raise an issue in the trial court constitutes a waiver of the argument' on appeal." *Virgin Islands Port Authority v. Joseph*, 49 V.I. 424, 428 (V.I. 2008) (quoting *Gass v. V.I. Tel. Corp.*, 45 V.I. 649, 662, 311 F.3d 237, 246 (3d Cir. 2002)). Nothing in the record indicates that Myers ever requested that the trial court calculate damages representing injury to the land by any method other than the diminished value rule.[2] Likewise, nothing in the record demonstrates that Myers ever argued at the trial court level that the court should calculate damages for the diminished value of the land based on Myers's intended use rather than its best use. Although "[t]here is an exception to the

---

[2] On the contrary, Myers actively argued that the diminished value rule was the proper method of calculating these damages. During direct examination of Myers, Myers's counsel attempted to introduce into evidence a 1996 appraisal of the property to show that the Derrs' encroachment diminished its value. (Trial Tr. 30-32.) Likewise, Myers' expert witness, Shep Barrows, only discussed the property's diminished value during his testimony. (*Id.* at 92-101.) Similarly, Steven Jamron — a real estate appraiser the Derrs called as an expert witness — on *voir dire* examination was only questioned as to the change in the property's value and the methods used to determine that change. (*Id.* at 110-25.) Furthermore, during closing arguments, Myers's attorney characterized damages to the land as diminution of its value. (*Id.* at 130.) Finally, Myers made no attempt to challenge or correct the trial court when it also characterized damage to the land as reduction in the land's value. (*Id.* at 138-39.)

general rule of waiver where exceptional circumstances are shown to exist," *id.* (citing *Brown v. Philip Morris Inc.*, 250 F.3d 789, 799 (3d Cir. 2001)), Myers has not presented this Court with any exceptional circumstances which would warrant a departure from the general rule. Accordingly, Myers is barred from raising these arguments for the first time on appeal.

### 2. *The Superior Court Did Not Fail to Consider Evidence*

Myers contends that the lower court failed to properly consider evidence showing that he was entitled to compensation for the diminished value of his property. In particular, Myers claims that he proved at trial that the value of his property was diminished, yet the trial court chose to award him no damages for injury to the land.

The trial court clearly stated that it considered Myers's evidence but found a failure of proof on the issue. (Trial Tr. 139.) The court observed that the only evidence Myers introduced as proof of his property's diminished value — a letter from Shep Barrows, Myers's expert witness, stating the land was worth $33,000.00 — was incomplete because it was, by its own admission, an attachment to a document not before the court, and, accordingly, the court could not ascertain the basis for Mr. Barrows's valuation of the property. (*Id.*) The court also found that the evidence Myers submitted was "equivocal on its face" and insufficient to prove Myers's property damage with certainty. (*Id.*)

An examination of the record does not indicate that the trial court erred in making these determinations. At trial, Mr. Barrows testified that his original report setting the property's value at $33,000.00 had been thrown away. (*Id.* at 97-98.) When asked about the method used to reach that valuation, Mr. Barrows only stated that he assumed it was done in a way to satisfy Uniform Standards of Professional Appraisal Practice requirements. (*Id.* at 98.) He further testified that he could not tell for sure if he signed the appraisal. (*Id.*)

Even in the event that the trial court should have accepted the $33,000.00 figure as the pre-encroachment value of the property, the rest of Mr. Barrows's testimony justifies the trial court's decision not to award any damages for the land's diminished value. Mr. Barrows expressly testified that he only reduced the property's value in his 1996 follow-up appraisal because of the presence of the Derrs' riding ring. (*Id.* at 100.) When asked at trial if the property's value would revert to its pre-

289

encroachment valuation if the ring was removed, he replied that this would probably be the case. (*Id.* at 100-01.) Given that the riding ring was removed in 1998, (*Id.* at 35; 48), that there was testimony by the Derrs' expert that the property value was unchanged or may have even gone up, and the fact that Myers did not introduce any additional evidence relating to change in the land's value, more than enough evidence existed to allow the trial judge to properly determine that Myers had not met his burden of proving that the Derrs' encroachment damaged his property. *See Ustrak v. Fairman*, 781 F.2d 573, 578 (7th Cir. 1986) (reversing award of compensatory damages because of "a complete failure of proof"); *Stolberg v. Members of Bd. of Trs. For State Coll. of Conn.*, 474 F.2d 485, 488 (2d Cir. 1973) (affirming denial of compensatory damages for failure of proof). Accordingly, this Court will not reverse the trial court's judgment on this basis.

## C. The Trial Court Erred in Failing to Award Myers Damages for Loss of Use of the Land and for His Annoyance and Discomfort

Myers additionally argues that the trial court erred when it failed to consider awarding him any damages other than nominal damages and general damages for injury to the land because he established at trial that he incurred substantial injuries as a result of the Derrs' trespass. According to the Derrs, the trial court's damages award was justified because Myers did not request special damages in his complaint as required by the Federal Rules of Civil Procedure. For the following reasons, we reject the Derrs' argument and reverse the trial court.

### 1. A Plaintiff is Not Required to Specifically Plead General Damages

The Derrs object to allowing Myers to recover any additional damages on the basis that those damages were not specifically pleaded. Because Myers's complaint expressly requested only "compensation to [sic] the damage to his property," (Complaint 3), the Derrs argue that Myers was procedurally barred from requesting other types of damages — which the Derrs contend are "special damages" — at trial.

In the absence of a local rule to the contrary, the Federal Rules of Civil Procedure apply to actions in the Superior Court. SUPER. CT. R. 7. Rule 9(g) of the Federal Rules of Civil Procedure requires that a litigant specifically plead for special damages in order to recover them. *See Maidmore Realty Co., Inc. v. Maidmore Realty Co., Inc.*, 9 V.I. 560, 566,

474 F.2d 840, 843 (3d Cir. 1973) (observing that Rule 9(g) prevents recovery of special damages that have not been specifically pleaded). "Special damages" are defined as "damages that are unusual for the type of claim in question." *Avitia v. Metro. Club of Chicago, Inc.*, 49 F.3d 1219, 1226 (7th Cir. 1995); RESTATEMENT (SECOND) OF TORTS § 904 (1979).[3] The purpose of Rule 9(g) is to give the defending parties sufficient notice as to the nature of the unusual damages claimed in order to avoid surprise at trial. *Great Am. Indem. Co. v. Brown*, 307 F.2d 306, 308 (5th Cir. 1962).

▮▮▮ While special damages compensate for the unusual results of a plaintiff's injury, general damages ordinarily accompany a particular cause of action. *See Roberts v. Graham*, 73 U.S. 578, 579, 18 L. Ed. 791 (1867) ("*Special*, as contradistinguished from *general* damage, is that which is the natural, but not the necessary, consequence of the act complained of.") (emphasis in original); *Meyers v. Moody*, 693 F.2d 1196, 1214 (5th Cir. 1982). Unlike special damages, a plaintiff need not specifically plead each type of general damages, but rather may recover under a general allegation of damages. *See LINC Finance Corp. v. Onwuteaka*, 129 F.3d 917, 922 (7th Cir. 1997); *Suarez Matos v. Ashford Presbyterian Community Hosp.*, 4 F.3d 47, 52 (1st Cir. 1993). *See also* FED. R. CIV. P. 54(c) ("Every . . . final judgment should grant the relief to which each party is entitled, *even if the party has not demanded that relief in its pleadings.*") (emphasis added). Rule 9(g) thus carves out an exception to Rule 54(c)'s liberal pleading requirements for special damages in order to protect a defendant against unfair surprise. *LINC Finance Corp.*, 129 F.3d at 921. Because general damages typically flow from a particular injury, they are implied by law and a defendant should expect to defend against them. *Vitol Trading S.A., Inc. v. SCS Control Services, Inc.*, 874 F.2d 76, 79 (2d Cir. 1989). This constructive notice

---

3 The Restatement reads, in pertinent part:

 (1) "General damages" are compensatory damages for a harm so frequently resulting from the tort that is the basis of the action that the existence of damages is normally to be anticipated and hence need not be alleged in order to be proved.

 (2) "Special damages" are compensatory damages for a harm other than one for which general damages are given.

RESTATEMENT (SECOND) OF TORTS § 904 (1979).

already protects against surprise, allowing for liberal pleading of general damages.

### 2. *General Damages for Trespass Are Not Limited to Injury to the Land*

The Derrs have argued that all damages other than injury to the land fall under the purview of special damages. We disagree.

■■ In the absence of local laws to the contrary, "the restatements of the law approved by the American Law Institute . . . shall be the rules of decision in the courts of the Virgin Islands in cases to which they apply." 1 V.I.C. § 4. Section 929 of the RESTATEMENT (SECOND) OF TORTS provides that the damages for a trespass or encroachment are the injury to the land itself, the loss of use of the land, and the discomfort and annoyance from not being able to occupy the land.[4] *See also* RESTATEMENT (SECOND) OF TORTS § 931 (1979) ("If one is entitled to a judgment for the detention of, or for preventing the use of, land or chattels, the damages include compensation for . . . the value of the use during the period of detention or prevention or the value of the use of or the amount paid for a substitute."); RESTATEMENT (FIRST) OF TORTS § 904 cmt. *a* (1939) (stating that loss of use of the land is among the general damages for a trespass claim); 75 AM. JUR. 2D *Trespass* § 115 (2008) ("One who is wronged by a trespass may recover general damages suffered, including physical pain."). Courts in other jurisdictions have also recognized that these three types of damages constitute the general damages for a trespass claim. *See Bd. of County Comm'rs of Weld County v. Slovek*, 723 P.2d 1309, 1317 (Colo. 1986) (citing RESTATEMENT (SECOND) OF TORTS § 929); *Kratze v. Indep. Order of Oddfellows, Garden City Lounge No. 11*, 442 Mich. 136, 500 N.W.2d 115, 118 (1993) (characterizing injury to the land, loss of use of the land, and discomfort

---

[4] The Restatement reads, in pertinent part:

(1) If one is entitled to a judgment for harm to land resulting from a past invasion and not amounting to a total destruction of value, the damages include compensation for

 a. the difference between the value of the land before the harm and the value after the harm, or at his election in an appropriate case, the cost of restoration that has been or may be reasonably incurred,

 b. the loss of use of the land, and

 c. discomfort and annoyance to him as an occupant.

RESTATEMENT (SECOND) OF TORTS § 929 (1979).

or annoyance as general damages for trespass). *See also Herzog v. Grosso*, 41 Cal. 2d 219, 259 P.2d 429, 433-34 (1953) (affirming award of mental anguish); *Reinhardt Motors, Inc. v. Boston*, 516 So. 2d 509, 511 (Ala. 1986) (awarding general damages for discomfort and annoyance). Accordingly, this Court recognizes that the general damages for a trespass claim are injury to the land, loss of use, and discomfort or annoyance.

### 3. *Myers is Entitled to Damages for Loss of Use and Discomfort or Annoyance*

 All of Myers's requested additional damages are properly characterized as damages either for loss of use of the land or for discomfort and annoyance. Because these are general damages that typically flow from a trespass claim, and therefore implied by law, Rule 9(g) is not applicable.[5] Thus, once the trial court ruled in favor of Myers on his encroachment claim against the Derrs, liberal construction of Rule 54(c) required the trial court to grant all appropriate relief to which Myers was entitled. *See Robinson v. Lorillard Corp.*, 444 F.2d 791, 791 (4th Cir. 1971) ("[Rule 54] has been liberally construed, leaving no question that it is the court's duty to grant whatever relief is appropriate in the case on the basis of the facts proved."); *Burton v. State Farm Mutual Automobile Ins.*, 335 F.2d 317, 320 (5th Cir. 1964) ("The [trial judge] apparently thought that the pleadings limited the scope of available relief, and if that formally sought was not allowable none could be granted. This is not the law. As we have many times said, except in the case of a default judgment, the Court is bound to grant whatever relief the facts show is necessary or appropriate."). Likewise, in the case *sub judice*, the trial court apparently denied such general damages, believing them to be special damages to be pleaded specifically.

---

[5] Myers also claims he is entitled to an award of attorney's fees in this action. At trial, the Superior Court stated that an attorney's fees award is "a matter to be determined once the prevailing party in this case is determined." (Trial Tr. 52.) Nothing in the record indicates that Myers filed a post-trial motion for attorney's fees, or that the trial court otherwise considered the attorney's fees issue. Accordingly, this issue is not currently ripe for adjudication. *See Virgin Islands Gov't Hosp. and Health Facilities Corp. v. Gov't of the Virgin Islands*, Civ. No. 2007-125, 2008 V.I. Supreme LEXIS 37, *7 (V.I. Sept. 16, 2008) (holding that the ripeness doctrine applies to motions for attorney's fees); *see also Ryan v. United States*, 71 Fed. Cl. 740, 743 (Fed. Cl. 2006) (holding that claim for attorney's fees is not ripe for judicial review when prevailing party has not submitted an application for attorney's fees).

■ It is uncontested that Myers lost use of the encroached-upon property from 1996 until the removal of the riding ring in 1998. (Trial Tr. 65, 128.) This seems to be precisely the type of damage that is contemplated as a "loss of use" under RESTATEMENT (SECOND) OF TORTS §§ 929 and 931. Likewise, the Derrs did not dispute that Mrs. Derr insulted Myers when she informed him that he did not know what he bought as she was bulldozing on his property. Thus, at a minimum,[6] Myers was entitled to damages for loss of use of his property between 1996 and 1998, discomfort and annoyance from not being able to occupy his property during that period, and discomfort and annoyance suffered as a result of being insulted by Mrs. Derr.

■ We recognize that the trial court expressed concern that the Derrs did not have sufficient notice that Myers had sought to recover damages for his apartment rental. (Trial Tr. 138.) As we stated earlier, general damages are implied by law, and thus a defendant has constructive notice that they are being sought even if the plaintiff does not request them in the complaint. *Vitol Trading S.A., Inc.*, 874 F.2d at 79. Nevertheless, we must note that Myers's pleadings sufficiently notified the Derrs that he was seeking such damages. In his complaint, Myers alleged that he was paying a mortgage on property that he was unable to occupy and that he needed "to be able to move his family onto his property right away." (Complaint 2-3.) In the section titled "Damages," Myers similarly alleged that he had been ordered to vacate his current residence and that he had "no other place to go but onto his property for which he is the legal owner . . . ." (*Id.* at 3.) Thus, the Derrs had notice that Myers was seeking general damages other than for injury to the land.

■ Finally, the Derrs argue that, even if Rule 9(g) does not apply to these damages, this Court should not disturb the trial court's damages award on the basis that Myers failed to prove all of the damages he requested. Because the trial court held that Myers was not entitled to these damages due to its misapplication of Rule 9(g) to general damages, it prevented Myers from offering evidence — such as his apartment rental fees — that could establish the value of his loss of use and other damages. Since Myers was never granted the opportunity to prove any damages other than injury to the land, this issue is not yet ripe for appellate review.

---

[6] Nothing in this opinion should be construed as limiting Myers's damages for loss of use and discomfort or annoyance only to the periods and incidents described.

Nevertheless, we reiterate the well-established principles that "liability for trespass cannot be escaped on the grounds that the proof as to the amount of damages, if any, is too uncertain" and that "a party will not be permitted to escape liability because of the lack of a perfect measure of damages which his wrong has caused." 75 AM. JUR. 2D *Trespass* § 128 (2008).

Accordingly, we reverse the trial court's damages award with respect to its denial of general damages for loss of use and discomfort or annoyance, and remand the matter to the trial court for a new trial on the issue of damages other than for injury to the land.

## III. CONCLUSION

The trial court did not err when it declined to award Myers damages for injury to the land. However, the trial court erred when it denied Myers general damages for loss of use and discomfort or annoyance on the basis that those damages had not been specifically pleaded in accordance with Rule 9(g). For the above reasons, we affirm in part and reverse in part the trial court's judgment award, and we remand the matter to the Superior Court for a new trial on the issue of damages consistent with this opinion.