**BEACHSIDE ASSOCIATES, LLC, Appellant/Plaintiff**
**v.**
**YEHUDA FISHMAN, ET AL., Appellees/Defendants**

S. Ct. Civ. No. 2009-0023

Supreme Court of the Virgin Islands

September 24, 2010

GREGORY H. HODGES, Dudley, Topper and Feuerzeig, LLP, St. Thomas, USVI, *Attorney for Appellant.*

JAMES M. DERR, ESQ., St. Thomas, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and HODGE, *Designated Justice.*[1]

## ORDER OF THE COURT

### (September 24, 2010)

PER CURIAM. **THIS MATTER** originally came before the Court on appeal from a Superior Court order dismissing an action brought by Appellant Beachside Associates (hereafter "Beachside") against Appellee Yehuda Fishman (hereafter "Fishman"). In an Opinion entered on July 30, 2010, this Court vacated the order appealed from and remanded the matter to the Superior Court so that it could consider whether the statute of limitations and any other appropriate factors warrant granting Beachside a discretionary extension of time to serve Fishman. On August 13, 2010, Fishman filed a petition for rehearing, which this Court denied in an August 27, 2010 Order. The matter now comes before the Court on Beachside's August 13, 2010 motion for an award of $105.00 in compensable costs and $38,514.00 in attorney's fees pursuant to Supreme

---

[1] Associate Justice Ive Arlington Swan has been recused from this matter. Verne A. Hodge, a retired Presiding Judge of the Superior Court, sits in his place by designation pursuant to V.I. CODE ANN. tit. 4 § 24(a).

Court Rule 30,[2] as well as Fishman's August 20, 2010 objection and Beachside's September 7, 2010 reply.

In its August 20, 2010 objection, Fishman contends that Supreme Court Rule 30(a), which includes attorney's fees in its definition of reasonable costs, is invalid, and requests that this Court overturn its prior decision in *Williams v. United Corp.*, S.Ct. Civ. No. 2007-0118, 2009 V.I. Supreme LEXIS 1 (V.I. Jan. 7, 2009), on the basis that (1) this Court in *Williams* held that 5 V.I.C. § 541 authorizes the recovery of attorney's fees in Supreme Court proceedings without recognizing that 5 V.I.C. § 1(b) states that subtitle 1 — which includes section 541 — only applies to proceedings in the District Court and the Superior Court; and (2) that this Court lacks authority to make substantive law through its rule-making power. However, in its September 7, 2010 reply, Beachside contends that this Court correctly held in *Williams* that section 541 provides the statutory basis for promulgating Rule 30(a) and, even if it did not, that Rule 30(a) is not invalid because courts have consistently held that division of costs — including attorney's fees — are procedural rather than substantive.

■■ We agree with Beachside that this Court's decision in *Williams* does not warrant reconsideration. While Fishman is correct that section 1(b) of title 5 does not reference the Supreme Court by name, the Legislature made its last substantive amendment to section 1(b) in 1976, when the District Court heard all appeals of Superior Court judgments.[3] Accordingly, for the same reasons this Court has given in its prior

---

[2] Because Beachside filed its motion within fourteen days of entry of this Court's July 30, 2010 Opinion, Beachside's motion is timely. *See* V.I.S.CT.R. 30(b).

[3] This Court notes that the language of section 1(b) changed in 2004 to replace the phrase "territorial court" with "Superior Court." However, this change was made pursuant to section 5 of Act No. 6687, which provided that "[t]itles 1 through 34 of the Virgin Islands Code are amended by striking 'Territorial Court' in every place where the term appears other than as in an (sic) historical sense and inserting in its stead, 'Superior Court.' " In other words, the replacement of the phrase "territorial court" with "Superior Court" was part of a general enactment that applied to every provision of the Virgin Islands Code rather than only to section 1(b). Moreover, because the District Court, prior to the expansion of the jurisdiction of the local Virgin Islands judiciary, simultaneously acted a federal trial court, a local trial court, and a local appellate court, it was not possible for the Legislature to simply replace every reference to "district court" in the Virgin Islands Code with "Supreme Court" as it replaced "territorial court" with "Superior Court," nor was it required to in light of the United States Court of Appeals for the Third Circuit's decision in *Parrott v. Gov't of the V.I.*, 230 F.3d 615, 43 V.I. 277 (3d Cir. 2000), in which it held that references to the "district court" enacted

decisions interpreting statutes referencing the District Court, this Court holds that the Legislature implicitly amended section 1(b) when it established the Supreme Court. *See, e.g., Murrell v. People*, S.Ct. Crim. No. 2009-0064, 2010 V.I. Supreme LEXIS 27, *22 (V.I. Sept. 13, 2010) (holding that section 26 of the Revised Organic Act applies to Superior Court proceedings notwithstanding its reference to the "district court"); *Gov't v. Crooke*, S.Ct. Civ. No. 2007-0109, 2010 V.I. Supreme LEXIS 28, *11 (V.I. Aug. 24, 2010) (holding that reference to "District Court" in 3 V.I.C. § 530a(d) was implicitly replaced with "Supreme Court" after Supreme Court's creation).[4]

■ Similarly, this Court rejects Fishman's contention that Beachside is not yet the prevailing party. As noted above, Beachside prevailed in having the order appealed from vacated, with this Court also denying Fishman's request for rehearing, and thus is the prevailing party on appeal regardless of what the Superior Court may ultimately hold on remand. Moreover, while Fishman raises the possibility that a petition for writ of certiorari might be filed with the United States Court of Appeals for the Third Circuit, Fishman has not even notified this Court that such a petition has been or will be filed, let alone requested that this Court defer consideration of Beachside's motion until certiorari is denied or the time for filing a petition for writ of certiorari has expired. Therefore, this Court finds no legitimate reason not to deem Beachside the prevailing party on this appeal at this time.

■ Nevertheless, this Court recognizes that the instant appeal was an interlocutory appeal, that this Court's July 30, 2010 Opinion remanded the matter to the Superior Court, and that it is likely that the prevailing party in the Superior Court proceedings — whether Beachside or Fishman — will also file a motion for costs and attorney's fees pursuant to 5 V.I.C.

---

prior to the subsequent reduction in the District Court's jurisdiction over purely local matters had been implicitly repealed.

[4] Moreover, even if we were to agree with Fishman that section 1(b) prevents this Court from applying section 541 — which we do not — this Court is in agreement with the Supreme Court of Guam that statutes that authorize an award of attorney's fees in the trial court must also allow for the recovery of attorney's fees on appeal or else the public policy considerations that underlie the fee-shifting statute would be undermined. *See Macris v. Swavely*, 2008 Guam 18 ¶¶ 18-19 (Guam Oct. 30, 2008) (rejecting argument that lack of reference to Guam Supreme Court in statute authorizing recovery of attorney's fees in trial court precludes an award of appellate attorney's fees) (collecting cases).

§ 541 in the Superior Court. Moreover, Fishman has challenged the reasonableness of many of the time entries Beachside has claimed in its bill of costs, which may require development of a more complete factual record to resolve. Therefore, while this Court holds that Beachside is the prevailing party on this appeal and entitled to recover the costs of this appeal — including attorney's fees-pursuant to Supreme Court Rule 30(a) regardless of whether Beachside or Fishman is the prevailing party in the Superior Court, this Court shall, consistent with its prior practice, further the interests of judicial economy by allowing the Superior Court to determine the exact amount of costs to which Beachside is entitled for prevailing in this appeal. *See Myers v. Derr*, 50 V.I. 282, 293 (2008); *see also Macris v. Swavely*, 2008 Guam 18 ¶¶ 21-22 (Guam Oct. 30, 2008) (explaining that, when one party is entitled to recover appellate attorney's fees but reasonableness of fee request is in dispute, appellate courts will typically allow trial court to determine exact amount of cost award "[b]ecause a trial court is the more proper forum to litigate such matters.") (collecting cases). Accordingly, the premises having been considered, it is hereby

**ORDERED** that Beachside's August 13, 2010 motion for bill of costs is **GRANTED**; and it is further

**ORDERED** that, on remand, the Superior Court **SHALL DETERMINE** the amount of appellate attorney's fees and other costs that should be awarded to Beachside for prevailing on appeal, to be taxed upon entry of final judgment in the Superior Court together with any other costs awarded to Beachside if it is the prevailing party in the Superior Court proceedings or, if Fishman is the prevailing party in the Superior Court, offset against any costs awarded to Fishman; and it is further

**ORDERED** that copies of this Order be served on the parties' counsel.

**SO ORDERED** this 24th day of September, 2010.