# IN THE MATTER OF THE PETITION OF THE VIRGIN ISLANDS BAR ASSOCIATION COMMITTEE ON THE UNAUTHORIZED PRACTICE OF LAW
## RE: KENTH W. ROGERS, ESQ.

S. Ct. Misc. No. 2012-0014

Supreme Court of the Virgin Islands

October 26, 2012

554

555

JAMES L. WARREN III, ESQ., Carroll Warren & Parker PLLC, Jackson, Mississippi, *Attorney for V.I. Bar Ass'n Unauthorized Practice of Law Committee.*

KENTH W. ROGERS, ESQ., Law Offices of Kenth W. Rogers, P.C., St. Thomas, USVI, *Pro se.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(October 26, 2012)

PER CURIAM. This matter comes before the Court pursuant to a petition filed by the Unauthorized Practice of Law Committee of the Virgin Islands Bar Association ("UPLC"). In its petition, the UPLC contends that Kenth W. Rogers, Esq., a member of the Virgin Islands Bar, engaged in the unauthorized practice of law while suspended for failure to complete the requisite continuing legal education ("CLE") hours required by Supreme Court Rule 208(b)(1). For the reasons that follow, we dismiss the petition and refer the matter to the Ethics and Grievance Committee of the Virgin Islands Bar Association ("EGC") for further proceedings.

## I. BACKGROUND

On July 18, 2011, the President of the Virgin Islands Bar Association filed a Notice of Non-Compliance in accordance with Supreme Court Rule 208(e)(5), which requested that this Court automatically suspend Attorney Rogers from the practice of law in the Virgin Islands, pursuant to Supreme Court Rule 208(e)(6), for his failure to complete and certify his compliance with mandatory CLE requirements for the 2008, 2009, and 2010 reporting periods. This Court, in a July 21, 2011 Order entered in that matter, accepted the allegations in the Notice of Non-Compliance and suspended Attorney Rogers as a member of the Virgin Islands Bar Association. *See In re Automatic Suspension of Rogers*, S.Ct. BA No. 2011-0123, slip op. at 3 (V.I. July 21, 2011) (unpublished). After numerous proceedings, including this Court holding him in civil contempt, *see Walters v. Walters*, 56 V.I. 471, 477 (V.I. 2012), this Court ultimately granted Attorney Rogers's petition for reinstatement on March 19, 2012. *See In re Rogers*, S.Ct. BA No. 2011-0159, slip op. at 3 (V.I. Mar 19, 2012) (unpublished).

In its petition, the UPLC identifies numerous instances of Attorney Rogers continuing to practice law in Virgin Islands local courts notwithstanding his suspension. Specifically, the UPLC contends that

Attorney Rogers (1) appeared as an attorney at an August 2, 2011 hearing in Super. Ct. Civ. No. 423/2011 (STT); (2) acted as counsel for a party at a September 13, 2011 hearing in Super. Ct. Crim. No. 101/2011 (STT); (3) held himself out as an attorney in correspondence with the Clerk of the Superior Court on December 27 and 28, 2011; (4) signed and filed with the Superior Court a "Request to Enter Default" in Super. Ct. Civ. No. 114/2012 (STT); and (5) signed and filed two documents, including a motion for summary judgment, in Super. Ct. Civ. No. 114/2012 (STT) on February 13, 2012. As a remedy, the UPLC simply requests that this Court issue a declaratory judgment that Attorney Rogers engaged in the unauthorized practice of law, assess costs against him, and impose "any other remedy available." (Pet. 5.)

After this Court docketed the petition, it provided Attorney Rogers with an opportunity to file a response to the allegations, and also directed both him and the UPLC to brief the issue of whether this Court should fashion an alternate remedy. Attorney Rogers and the UPLC timely filed their responses, rendering this matter ripe for a decision.

## II. JURISDICTION

■■ This Court possesses, pursuant to both its statutory and inherent authority, the exclusive jurisdiction to regulate the practice of law in the Virgin Islands. 4 V.I.C. § 32(e). As a result, this Court has also been vested with jurisdiction to adjudicate actions alleging that an individual has engaged in the unauthorized practice of law, including granting injunctive relief and imposing monetary fines. 4 V.I.C. § 443(b).[1]

---

[1] We recognize that title 4, section 443(b) provides for "an action for injunctive relief in the District Court of the Virgin Islands." However, section 443 became part of the law effective on May 24, 1976, and has not been amended since that date. Until 1991, the District Court possessed exclusive jurisdiction to regulate the practice of law in the Virgin Islands, at which point the Superior Court obtained this jurisdiction, which it retained until this Court assumed such jurisdiction in 2007. *See In re Application of Payton*, S.Ct. BA No. 2007-0146, 2009 V.I. Supreme LEXIS 17, at *2, n.1 (V.I. 2009) (collecting cases). Since both this Court and the United States Court of Appeals for the Third Circuit have held that all references to the District Court in the Virgin Islands Code enacted prior to the subsequent reduction in the District Court's jurisdiction over purely local matters have been implicitly repealed, we construe section 443 as authorizing the Virgin Islands Bar Association to file an unauthorized practice of law complaint in the Supreme Court. *See, e.g., Beachside Associates, LLC v. Fishman*, 54 V.I. 418, 420 n.3 (V.I. 2010) (citing *Parrott v. Gov't of the V.I.*, 230 F.3d 615, 43 V.I. 277 (3d Cir. 2000)); *Gov't of the V.I. v. Crooke*, 54 V.I. 237, 246-47 (V.I. 2010).

## III. DISCUSSION

In addition to responding to the UPLC's petition on the merits, Attorney Rogers contends in his response that all three Justices of this Court should recuse themselves from this case. For the reasons that follow, we conclude that our recusal is not warranted, and dismiss the petition without prejudice because the EGC represents the most appropriate forum to consider these allegations in the first instance.

### A. Request for Recusal

This Court has previously explained that Virgin Islands Supreme Court Internal Operating Procedure 10.2.1 establishes the standard for recusal of a Justice. *See In re Kendall*, 53 V.I. 459, 462 (V.I. 2010). This rule, "which is mirrored after the disqualification provisions of the American Bar Association's Model Code of Judicial Conduct and incorporates the provisions of section 284" of title 4 of the Virgin Islands Code, *id.*, provides, in pertinent part, as follows:

> A justice shall recuse himself or herself in the following circumstances and pursuant to 4 V.I.C. § 284:
>
> (a) Where a justice has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> (b) Where, in practice, the justice served as a lawyer on the matter in controversy, or a lawyer with whom he or she previously practiced law served during such association as a lawyer concerning the matter, or the justice or such lawyer has been a material witness concerning it;
>
> (c) Where the justice has served in governmental employment and in such capacity participated as counsel, advisor, or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
>
> (d) The justice knows that he or she, individually or as a fiduciary, or spouse or minor child residing in the justice's household, has a financial interest in the subject matter in controversy or is a party to the proceeding, or any interest that could be substantially affected by the outcome of the proceeding;
>
> (e) The justice, the justice's spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

(i) Is a party to the proceeding, or an officer, director, or trustee of a party;

(ii) Is acting as a lawyer in the proceeding;

(iii) Is known by the justice to have an interest that could be substantially affected by the outcome of the proceeding; or

(iv) Is to the justice's knowledge likely to be a material witness in the proceeding.

V.I.S.CT.I.O.P. 10.2.1. *See also* 4 V.I.C. § 28 ("[T]he Supreme Court may adopt the relevant and applicable provisions of the American Bar Association Model Code of Judicial Conduct to govern the conduct of justices.").

■ In his response, Attorney Rogers fails to identify any cognizable basis for recusal of any Justice,[2] and has provided us with no facts that, even if taken as true, would support any claim that disqualification is warranted. *See Benjamin v. AIG Ins. Co. of P.R.*, 56 V.I. 558, 569 (V.I. 2012); *Gov't of the V.I. v. Gereau*, 502 F.2d 914, 932-33, 11 V.I. 265 (3d Cir. 1974). Even if we were to generously infer that Attorney Rogers believes that we should not preside over this matter because it was this Court that previously ordered his suspension and held him in civil contempt, we can find absolutely no authority for the proposition that a

---

[2] The portion of Attorney Rogers's response, captioned "Disqualification of Supreme Court," reads, in its entirety without edits, as follows:

> The United States is trying to prove to the people of the world, of every nationality, race and color, that a free democracy is the most civilized and most secure form of government yet devised by man. We must set an example for others by showing firm determination to remove existing flaws in our democracy.

Brief for the United States Government as Amicus Curiae, at 6 in *Brown v. Board of Education*, 347 U.S. 483 (1954).

The most fundamental guarantee of the liberty of American persons is the rule of law. "The government of the United States has been emphatically termed a government of laws, and not of men." *Marbury v. Madison*, 5 U.S. 137, 163 (1803). The rule of law has a number of components, the most basic requirement is access to an impartial, competent and independent tribunal established by law. ⌐

Respondent contends that the Virgin Islands Supreme Court is incapable of judging this case without unconstitutionally depriving him of his rights to a fair hearing. *In re Murchison*, 349 U.S. 133, 136 (1955). The touchstone of procedural due process is whether the Supreme Court has provided respondent "the opportunity to be heard 'at a meaningful time and in a meaningful manner.' " *City of Los Angeles v. David*, 538 U.S. 715, 717 (2003) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

(Resp. 5-6.)

judicial officer that renders an unfavorable decision in one matter is automatically precluded from presiding over another matter involving the same litigant.[3] On the contrary, this Court has explicitly rejected applying such a *per se* rule. *See Kendall*, 53 V.I. at 468-69. Therefore, we deny the request for recusal.

## B. The EGC Represents the Appropriate Forum for These Allegations

■ ■ Pursuant to statute, the Virgin Islands Bar Association may maintain an action alleging that an individual has engaged in the unauthorized practice of law. *See* 4 V.I.C. § 443(b)(3). "The Virgin Islands Bar Association is created to assist the Court in regulating the practice of law in the territory." V.I.S.CT.R. 205(a). In order to assist this Court in the performance of its inherent and statutory duties with respect to the regulation and supervision of the legal profession, both this Court and the Virgin Islands Bar Association have established various standing and *ad hoc* committees. *See* V.I.S.CT.R. 205(c)(2). The committees established by this Court — the Committee of Bar Examiners ("CBE") and the EGC — perform quasi-judicial functions, are subject to clearly defined rules and procedures adopted and approved by this Court, have their membership restricted solely to individuals appointed by the Chief Justice, and generally serve as arms of this Court. *See In re Rogers*, 56 V.I. 618 (V.I. 2012); *In re Application of Payton*, S.Ct. BA No. 2007-0146, 2009 V.I. Supreme LEXIS 17, at *3 (V.I. 2009) (unpublished); V.I.S.CT.R. 204(b)(1); V.I.S.CT.R. 207.7.1(a). In light of the substantial number of hours such service entails, members of these Court-created committees receive an exemption from receiving involuntary indigent appointments in proceedings before this Court and the Superior Court. *See* V.I.S.CT.R. 203(p). In contrast, committees created by the Virgin Islands Bar Association — such as the Public Relations and Entertainment

---

[3] We recognize that, in our decision holding Attorney Rogers in civil contempt, we noted that he had filed a motion for extension of time on September 9, 2011, on behalf of a client in an appeal pending before this Court. Even if a judicial officer's observation that a document was filed by an individual suspended from the practice of law could constitute personal knowledge of a disputed fact in an unauthorized practice of law proceeding — which this Court declines to hold — we note that the UPLC's petition solely relates to conduct that occurred in proceedings before the Superior Court, of which none of the Justices of this Court possess any firsthand knowledge.

Committee, the Scholarship Committee, and the Young Lawyers Committee — rarely, if ever, perform quasi-judicial functions, lack written or formal procedures approved by this Court, have their membership selected by the President of the Virgin Islands Bar Association without input from this Court, and do not receive exemptions from indigent appointments because the same level of substantial service is not contemplated. *See generally* Bylaws of the V.I. Bar Ass'n.

 The UPLC possesses some of the characteristics of a Court committee. Supreme Court Rule 203(1) vests the UPLC with "the duty . . . to keep under continuing study the subject of unauthorized practice of law; to analyze and evaluate the measures that exist in the Virgin Islands to prevent unauthorized practice . . . and to investigate unauthorized practice." Additionally, Rule 203(1) provides the UPLC with "the power to investigate all charges of unauthorized practice . . . and to initiate such investigations upon its own motion," and confers it with subpoena power. However, unlike Court committees, the President of the Virgin Islands Bar Association selects the members of the UPLC, and the UPLC must obtain "the approval of the Board of Governors of the Virgin Islands Bar Association" — and not this Court — to "take steps to prevent or stop the unauthorized practice of law, including the initiation of legal proceedings." V.I.S.CT.R. 203(1). Moreover, unlike Court committees, the UPLC is not subject to any written rules or procedures approved by this Court, and — in fact — it is not clear to this Court whether any formal procedures have ever been promulgated. Given the appointment process, the role of the Board of Governors in approving UPLC decisions, and the absence of formal procedures, we conclude that the UPLC — unlike the EGC — is not a Court committee, but a Virgin Islands Bar Association committee, and therefore, when conducting an investigation, does not serve as an arm of this Court.[4]

██ Whether the UPLC constitutes a Court committee or a Bar Association committee would ordinarily lack any practical significance. Supreme Court Rule 203(1) — a rule promulgated by this Court, and not

---

[4] We acknowledge that members of the UPLC have requested that this Court extend the exemption from indigent appointments provided to EGC and CBE members, and to otherwise treat the UPLC as it does the Court committees. In reaching the decision herein, we do not preclude the possibility that — at some future date — this Court may amend its rules to designate the UPLC as a Court committee.

the Virgin Islands Bar Association — clearly vests the UPLC with authority to investigate, either on complaint or *sua sponte*, unauthorized practice of law allegations, and to initiate legal proceedings with the approval of the Board of Governors. Therefore, the UPLC acted wholly within its authority when it initiated its investigation into the allegations against Attorney Rogers and brought the instant petition on behalf of the Virgin Islands Bar Association pursuant to section 443 of title 4.

Nevertheless, the UPLC is not the sole entity that possesses the authority to investigate an unauthorized practice of law allegation. Previously, we held that the CBE "possesses an obligation to inquire into and to investigate an allegation that an applicant for regular or special admission has engaged in the unauthorized practice of law prior to making a determination on the application," notwithstanding the pendency of proceedings before the UPLC. *In re Application of Campbell*, S.Ct. BA No. 2009-0230, 2011 V.I. Supreme LEXIS 28, at *15 (V.I. Mar. 3, 2011) (unpublished). As a member of the Virgin Islands Bar Association, Attorney Rogers is unquestionably subject to the jurisdiction of the EGC, which has the authority to investigate and adjudicate all disciplinary proceedings against Virgin Islands attorneys. *See* V.I.S.CT.R. 203(k)(1). Shortly after its establishment, this Court, "in furtherance of its inherent and statutory powers and responsibility to supervise the conduct of all attorneys who are admitted to practice before it . . . adopt[ed] the ABA's Rules of Professional Conduct and Rules of Disciplinary Enforcement, superseding all . . . other rules pertaining disciplinary enforcement heretofore promulgated." V.I.S.CT.R. 203(a). The ABA Rules of Professional Conduct — among other things — expressly prohibit an attorney from engaging in the unauthorized practice of law. *See* MODEL RULES PROF'L CONDUCT R 5.5. Consequently, in addition to the penalties set forth in section 443 of title 4, Attorney Rogers would be subject to discipline by the EGC or this Court if he made court appearances or otherwise acted as an attorney-at-law during his suspension.

For this reason, we hold that, whenever the UPLC receives a complaint alleging that a member of the Virgin Islands Bar engaged in or facilitated the unauthorized practice of law, it should refer the matter to the Office of Disciplinary Counsel for investigation and adjudication before the EGC, just as it should refer allegations pertaining to applicants for regular or special admission to the CBE. As a Court committee, the

EGC is subject to numerous written rules, and — while nominally an extension of the Virgin Islands Bar Association — operates independently of the Bar Association President and the Board of Governors, neither of which possesses appointment authority and may not unilaterally set aside the decision of an EGC panel. More importantly, while the UPLC lacks the authority to recommend that this Court suspend, disbar, or otherwise sanction an attorney who engages in or facilities the unauthorized practice of law, nothing precludes the EGC from requesting that this Court issue an injunction, render a declaratory judgment, or assess a monetary fine in addition to whatever other discipline the EGC believes is warranted. Notably, section 443 of title 4 authorizes the Virgin Islands Bar Association to maintain an unauthorized practice of law action, without limiting that power solely to the UPLC. Additionally, directing all such allegations to the EGC forecloses the possibility that an individual such as Attorney Rogers may have to defend against the same charges separately before the EGC and the UPLC, and also eliminates the complications that may arise if the EGC and the UPLC reach different conclusions as to whether an attorney violated the prohibition on unauthorized practice of law.[5] Accordingly, we dismiss the petition, and direct the UPLC to refer this matter to the EGC for further proceedings.[6]

## IV. CONCLUSION

For the foregoing reasons, we dismiss without prejudice the UPLC's petition against Attorney Rogers, and direct the UPLC to transfer its entire file to the Office of Disciplinary Counsel so that the EGC may investigate and adjudicate all of the underlying unauthorized practice of law

---

[5] Moreover, we note that while section 443 of title 4 establishes remedies that may be effective to remedy the unauthorized practice of law by laymen and attorneys who have never been admitted to the Virgin Islands Bar, those statutory remedies appear ineffectual with respect to an individual such as Attorney Rogers, as illustrated by the fact that a declaratory judgment and an assessment of court costs are the only specifically enumerated remedies the UPLC requests in its petition.

[6] In light of our decision to dismiss the petition and refer this matter to the EGC, we decline to address any of the other issues raised in Attorney Rogers's response to the UPLC's petition. We emphasize that this Court expresses no opinion on the correctness of the UPLC's factual findings and legal conclusions. Therefore, while Disciplinary Counsel and the EGC may make use of whatever evidence the UPLC has gathered as part of its investigation, the EGC should not defer to the UPLC findings, but should, consistent with the rules applicable to EGC proceedings, reach its own independent decision on the matter.

allegations. If the EGC concludes that Attorney Rogers engaged in the unauthorized practice of law, it may, in addition to any other sanction, petition this Court to impose any of the statutory remedies authorized by title 4, section 443 of the Virgin Islands Code.