**PHILLIP A. TUTEIN, JR., Plaintiff**
**v.**
**FORD MOTOR COMPANY and METRO MOTORS S.C., INC.,**
**Defendants**

Case No. SX-2010-CV-018
Superior Court of the Virgin Islands
Division of St. Croix
December 28, 2016

WILLOCKS, *Administrative Judge*

## MEMORANDUM OPINION

(December 28, 2016)

**THIS MATTER** came before the Court on Defendant Ford Motor Company (hereinafter "Ford") and Defendant Metro Motors S.C., Inc.'s (hereinafter "Metro" and together with Defendant Ford, "Defendants") motion *in limine* to exclude evidence related to punitive damages or claims that Defendants' conduct rises to the level sufficient to award punitive damages, filed on August 29, 2016.[1] Thereafter, Plaintiff Phillip Tutein, Jr. (hereinafter "Plaintiff") filed an opposition and Defendants filed a reply.

## BACKGROUND[2]

On January 13, 2010, Plaintiff filed a complaint against Defendants for injuries Plaintiff sustained as the result of alleged defects in the vehicle he was driving on or about November 2, 2008. Plaintiff alleged that the

---

[1] Defendants technically filed one single motion *in limine* seeking relief on various bases and filed separate memoranda of law in support of the independent relief requested. For the sake of clarity and efficiency, the Court will address and enter separate memorandum opinions and/or orders for each independent relief requested.

[2] This memorandum opinion recites the factual background only to the extent necessary to explain the present issues and the bases of the Court's decision.

vehicle was designed and manufactured by Defendant Ford and sold by Defendant Metro.

## STANDARD OF REVIEW

■ It is not uncommon for parties to file and for the courts to rule on motions *in limine*[3] prior to trial in this jurisdiction. *See, e.g., Corriette v. Morales*, 50 V.I. 202, 203-04 (V.I. 2008) (noting that the trial court ruled on the defendant's motions *in limine* prior to trial); *Davis v. Varlack Ventures, Inc.*, 59 V.I. 229, 232 (V.I. 2013) (noting that the trial court ruled on the plaintiff's motion *in limine* at the beginning of the trial); *Creative Minds, LLC v. Reef Broad., Inc.*, ST-11-CV-131, 2014 V.I. LEXIS 81, at *23 (Super. Ct. 2014) (the court denied the motion *in limine* prior to trial). In considering a motion *in limine*, there are certain situations where the court should defer ruling on an evidentiary issue, such as when the nature and/or relevance of the evidence is unclear before trial. However, if parties had the opportunity to fully brief an issue and the Court is able to make a definitive ruling, then it is practical for the Court to rule on the evidentiary issue raised in the pretrial motion *in limine* to avoid unnecessary interruptions during trial.

## DISCUSSION

In their motion *in limine*, Defendants pointed out that "Plaintiff has failed to plead a claim for punitive damages in his petition, and, for that reason alone, any testimony or evidence requiring punitive damages should be excluded." Moreover, Defendants argued that Plaintiff failed to meet the extremely high burden of proof to establish entitlement to punitive damages. Thus, Defendants requested the Court to grant their motion and prohibit "any reference to punitive damages or any claims that Ford's conduct arises to the level sufficient to submit punitive damages." In his opposition, Plaintiff argued that "punitive damages are not a cause of action and do not have to be specifically plead" and that "Defendants erroneously argue [sic] that Plaintiff must proof entitlement to punitive

---

[3] Black's Law Dictionary defines "motion *in limine*" as "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial" and explains that, "[t]ypically, a party makes this motion when it believes that mere mention of the evidence during trial would be highly prejudicial and could not be remedied by an instruction to disregard." BLACK'S LAW DICTIONARY, 10th ed. 2014.

damages by clear and convincing evidence." In their reply, Defendants pointed out that "Plaintiff's first demand for punitive damages in this litigation came as part of his recent proposed jury instructions and *voir dire*" and asserted that "[a] demand for punitive damages early in the case, as required to pursue such damages, would have altered Defendants' case strategy." Defendants noted that "[t]he prejudice resulting from blindsiding Defendants at this late hour by a request that the jury award punitive damages, would be irreversible."

## A. Pleading Requirements

 Special damages, including punitive damages must be pled with particularity pursuant to Federal Rule of Civil Procedure 9(g).[4] *See Myers*, 50 V.I. at 291 ("Unlike special damages, a plaintiff need not specifically plead each type of general damages . . ."); *Libien v. MIFR, Inc.*, ST-15-CV-107, 2016 V.I. LEXIS 193, at *17 ("Claimants must plead punitive damages with particularity pursuant to FED. R. CIV. P. 9(g)."); *Maria v. Fraser*, ST-13-CV-549, 2014 V.I. LEXIS 19, at *8 ("special damages, including punitive damages, must also be pled with particularity pursuant to FED. R. CIV. P. 9(g) in order to ensure that the defendant has

---

[4] Federal Rule of Civil Procedure 9(g) provides: "If an item of special damage is claimed, it must be specifically stated." Rule 9(g) would be applicable to the Superior Court via Superior Court Rule 7. However, in *Vanterpool v. Government of the Virgin Islands*, 63 V.I. 563, 576 (V.I. 2015), the Supreme Court of the Virgin Islands (hereinafter "Supreme Court") cautioned that "the Federal Rules of Civil Procedure should represent rules of last resort rather than first resort and should be invoked only when a thorough review of applicable Virgin Islands statutes, Superior Court rules, and precedents from [the Supreme] Court reveals the absence of any other [applicable] procedure." Although the Supreme Court has previously applied Rule 9(g), *see Myers v. Derr*, 50 V.I. 282 (V.I. 2008) (applying Federal Rule of Civil Procedure 9 in the absence of a local rule to the contrary in the Superior Court), the Supreme Court has yet to decisively recognize the applicability of Rule 9(g) in this jurisdiction post-*Vanterpool*. Thus, there are currently no applicable Virgin Islands statutes, Superior Court rules, or Supreme Court precedents post-*Vanterpool* that are directly on point.
As the Supreme Court explained in *Myers*, special damages are defined as "damages that are unusual for the type of claim in question." 50 V.I. at 291. The Supreme Court further explained that "[t]he purpose of Rule 9(g) is to give the defending parties sufficient notice as to the nature of the unusual damages claimed in order to avoid surprise at trial." *Id.* The Court believes it is good practice to continue applying Rule 9(g) in the Superior Court with regard to the pleading requirements for special damages to maintain consistency in the Superior Court and avoid surprises at trial. Furthermore, given that there are precedents from the Supreme Court regarding Rule 9(g), the Court will use the standard of review set forth in said precedents. Thus, applying Rule 9(g) here is not a "mechanistic and uncritical reliance" of the Federal Rules of Civil Procedure.

sufficient notice of the claim."). The Supreme Court noted that "[t]he purpose of Rule 9(g) is to give the defending parties sufficient notice as to the nature of the unusual damages claimed in order to avoid surprise at trial." *Myers*, 50 V.I. at 291. The Supreme Court further noted that "Rule 9(g) thus carves out an exception to Rule 54(c)'s liberal pleading requirements[5] for special damages in order to protect a defendant against unfair surprise." *Id.*

■ Here, Plaintiff did not request for any special damages or punitive damages in his pleadings.[6] In fact, Plaintiff never denied in his opposition that he did not request for punitive damages in his complaint. Since Plaintiff filed his complaint over six years ago, Plaintiff has never moved this Court for leave to amend his complaint to include a request for punitive damages. According to Defendants, "Plaintiff's first demand for punitive damages in this litigation came as part of his recent proposed jury instructions and *voir dire*." As such, the Court finds that Plaintiff failed to give Defendants sufficient notice as to the nature of the unusual damages claimed and it is unfair to surprise Defendants on the eve of trial.[7] Permitting Plaintiff to belatedly add his request for punitive damages via his proposed jury instructions and *voir dire* at the late stage of the litigation would promote gamesmanship in pleading practices where a plaintiff could simply remain silent in his/her pleadings as to the relief demanded and wait until right before trial to surprise the defendant with a demand for punitive damages. Accordingly, the Court will grant Defendants' motion *in limine*.

## CONCLUSION

Based on the foregoing, the Court will grant Defendants' motion *in limine* to exclude any testimony, evidence or argument concerning discovery disputes, filed on August 29, 2016. An order consistent with this memorandum opinion will follow.

---

[5] Federal Rule of Civil Procedure 54(c) provides in relevant part: "Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."

[6] Plaintiff's complaint, filed on January 13, 2010, requested for "damages as they may appear and for pre and post judgment interest and for costs and fees and for such other relief as this Court deems fair and just."

[7] In light of the Court's finding, at this juncture, the Court need not address the standard of proof with regard to punitive damages in this jurisdiction.