**NATHALIE PENN, Plaintiff**

**v.**

**TILFORD PENN, Defendant**

Family No. 759/1977

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

March 14, 1978

EDITH L. BORNN, ESQ. (BORNN & FINUCAN), St. Thomas, V.I., *for plaintiff*

MICHAEL E. BRUNO, ESQ. (BAILEY, WOOD & ROSENBERG), St. Thomas, V.I., *for defendant*

FEUERZEIG, *Judge*

## MEMORANDUM OPINION

Whether a timely demand for a jury trial in an action for divorce entitles a party to a jury trial is the issue before the court.

### I.

Plaintiff, Nathalie Penn, filed a complaint for a divorce on October 5, 1977. By answer dated November 28, 1977, the defendant demanded a jury trial of the issues in this cause. Plaintiff filed a reply opposing defendant's demand for a trial by jury on the grounds "that this is an equity matter and defendant is not entitled to a jury as a right; that if a jury were granted by the court in its discretion in this matter, plaintiff's right to a divorce would be unduly delayed in view of the fact that this court is not able at this time to set cases for trial by jury, all to the detriment of plaintiff."[1]

 Consequently, this court on January 18, 1978, ordered the parties to brief the issue as to whether the defendant was entitled to a jury trial in this divorce action.

[1] Pursuant to 4 V.I.C. § 76, as amended by the Territorial Court Act, Act No. 3876, enacted September 9, 1976, this court now has concurrent jurisdiction with the United States District Court to hear and determine divorce proceedings. However, this court will not be empowered to impanel juries until January 1, 1979. Section 8 of Act No. 3876 and 4 V.I.C. § 80, as amended by Act No. 3876.

Memoranda have been submitted by both sides. For the reasons that follow, this court holds that there is no right in the Virgin Islands to a jury trial in an action for divorce.

## II.

Defendant in support of his demand for a jury trial cites this court to the only reported Virgin Islands case on the issue, Burch v. Burch, 2 V.I. 559, 195 F.2d 799 (3d Cir. 1952). In Burch, the Third Circuit Court of Appeals specifically held, pursuant to the then existing law:

that the procedural law in the Virgin Islands applicable to actions for divorce requires that issues of fact shall be tried by the court, unless referred to a referee or to the District Court Commissioner, and that a jury may be employed only to make findings as to particular facts.

2 V.I. at 567, 195 F.2d at 804. Burch, however, was decided under the laws as they existed in 1952 and thus predated the 1954 Revised Organic Act and the 1957 revision of the Virgin Islands Code. At the time Burch was decided, Chapter 38 of Title III of the Code of Laws of the Municipality of St. Thomas and St. John (1921) (hereinafter the 1921 Codes) provided the procedure for trial of issues of an equitable nature. Specifically, § 1 of that chapter provided that in such actions

both issues of law and fact shall be tried by the court, unless referred to a referee,[2] provided, however, the court may in its discretion, order a jury to inquire into the facts and render a verdict as to such fact.

The laws of the Virgin Islands, however, were overhauled with the passage of the 1954 Revised Organic Act

---

[2] Reference to a referee was provided for by Chapter 19 of Title III of the 1921 Codes, see 5 V.I.C. § 1 note, while § 6 of Chapter 1, Title I, see 4 V.I.C. § 36 revision notes, authorized the Judge of the District Court to empower the District Court Commissioner to hear testimony in designated categories of civil cases and report his findings to the judge.

of the Virgin Islands, prec. 1 V.I.C., 48 U.S.C. § 1541 et seq. (1970), and with enactment of the Virgin Islands Code by the Legislature by Act No. 160, adopted May 16, 1957. As a result, the divorce laws of the Virgin Islands were considerably revised. Moreover, even if there were no changes in the divorce laws of the Virgin Islands from the 1921 Codes, Burch makes it clear that there was no absolute right to a jury trial. The granting of a jury trial was left to the sound discretion of the court.

### III.

As originally enacted, the Revised Organic Act contained no provision for a trial by jury in civil actions. Therefore, any such right in the Virgin Islands had to be found in local statutes or rules of court.[2.5] See note 3 infra. However, in 1968 the Bill of Rights, as embodied in Section 3 of the Revised Organic Act, was amended so that the right to a jury trial in civil cases as preserved by the Seventh Amendment of the United States Constitution was made applicable to the Virgin Islands. Prec. 1 V.I.C. (1976 Cum. Supp.), 48 U.S.C. § 1561 (1970). In addition, the right to a jury trial is procedurally protected by Rule 38(a) of the Federal Rules of Civil Procedure, 5 V.I.C. App. I Rule 38, which preserves to parties the right to a jury trial guaranteed by the Seventh Amendment.[3]

---

[2.5] This was in fact the case in the district court pursuant to 5 V.I.C. § 321 which guaranteed the right to a trial by jury in civil actions, as declared by the Seventh Amendment. No reference was made, however, to divorce actions or other suits of an equitable nature. See discussion infra for decisions construing the Seventh Amendment.

[3] The Federal Rules of Civil Procedure were made applicable to the former Municipal Court pursuant to 5 V.I.C. App. IV Rule 7, which provides:

The practice and procedure in the municipal courts shall conform as nearly as may be to that in the district court in like causes, except where there is an express provision in the law or these rules to the contrary.

Practice and procedure in the District Court is governed by the Federal Rules of Civil Procedure, 5 V.I.C. App. I, pursuant to § 25 of the Revised Organic Act of 1954, prec. 1 V.I.C., 48 U.S.C. § 1615 (1970).

The Seventh Amendment provides:

In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.

■ It is clear that the Seventh Amendment does no more than preserve the right of jury trial as it existed in English history or sometime before 1791 when the Seventh Amendment was enacted. Dimick v. Schiedt, 293 U.S. 474, 476, 55 S.Ct. 296, 297, 79 L.Ed. 603, 606 (1935); Baltimore & C. Line v. Redman, 295 U.S. 654, 657, 55 S.Ct. 890, 891, 79 L.Ed. 1636, 1638 (1935).[4] Cf. Collins v. Government, 5 V.I. 622, 366 F.2d 279 (3d Cir. 1966) (holding that a suit against the Government of the Virgin Islands was not a suit at common law within the meaning of the Seventh Amendment). Although Rule 2 of the Federal Rules of Civil Procedure, 5 V.I.C. App. I Rule 2, makes it clear that there now exists only one form of action, known as a civil action, the distinction that previously existed at common law between law and equity must be recognized

---

Rule 38(a) of the Federal Rules, 5 V.I.C. App. I Rule 38, specifically provides:

The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate.

By order dated December 17, 1976, the rules of the Municipal Court were made applicable to the Territorial Court. See also 4 V.I.C. § 82.

■ Although no jury trials can be conducted in the Territorial Court until January 1, 1979, see note 1 supra, no one can be procedurally denied of the right to a jury by an action being filed in the Territorial Court. The right to a jury trial is preserved in any action filed in this court in which a party is entitled to a jury trial. Thus, where a timely demand is made for a jury trial the case shall be transferred to the District Court. 4 V.I.C. § 32(d).

[4] See Fleming, Right to a Jury Trial in Civil Actions, 72 Yale L.J. 655 (1963). See generally Shapiro and Coquillette, The Fetish of Jury Trial in Civil Cases: A Comment on Rachal v. Hill, 85 Harv. L. Rev. 443 (1971); Henderson, The Background of the Seventh Amendment, 80 Harv. L. Rev. 289 (1966).

as determinative of the issue now before the court.[5] Further support for this position is gleaned from Title III, Chapter 38, § 1 of the 1921 Codes, which, as pointed out, required that actions of an equitable nature "shall be tried by the court," as well as Title III, Chapter 44, § 1, which characterized an action for dissolution of a marriage as being equitable in nature.[6] Cf. 16 V.I.C. § 101. Thus, the question that has to be answered is whether at common law a jury trial was available in an action for a divorce.

The inquiry begins with the explanation of the Seventh Amendment offered by Mr. Justice Story in Parsons v. Bedford, 28 U.S. (3 Pet.) 433, 446–47, 7 L.Ed. 732, 736–37 (1830):

> The trial by jury is justly dear to the American people. It has always been an object of deep interest and solicitude, and every encroachment upon it has been watched with great jealousy. The right to such a trial is, it is believed, incorporated into, and secured in every State constitution in the Union; and it is found in the constitution of Louisiana. One of the strongest objections originally taken against the Constitution of the United States was want of an express provision securing the right of trial by jury in civil cases. As soon as the Constitution was adopted, this right was secured by the Seventh Amendment of the Constitution proposed by Congress; and which received an assent of the people so general, as to establish its importance as a fundamental guarantee of the rights and liberties of the people. This amendment declares, that "In suits at common law where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved; and no fact once tried by a jury shall be otherwise reexaminable in any court of the United States, than

---

[5] The 1921 Codes had a similar provision to Rule 2 of the Federal Rules of Civil Procedure. See Title III, Chap. 1, § 1, which also abolished the distinction between law and equity. Even, under the 1921 Codes, however, this was not dispositive of the issue. See discussion infra.

[6] Title III, Chapter 44, § 1 of the 1921 Codes provides:

A husband or wife may maintain an action of equitable nature against the other for the dissolution of the parties contract, or to have the same declared void, as provided in this chapter.

according to the rules of the common law." At this time there were no States in the Union, the basis of whose jurisprudence was not essentially that of the common law in its widest meaning; and probably no States were contemplated, in which it would not exist. The phrase "common law" found in this clause, is used in contradistinction to equity, and admiralty, and maritime jurisprudence. . . . By common law, they meant what the Constitution denominated in the third article "law;" not merely suits, which the common law recognized among its old and settled proceedings, but suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered; or where, as in the admiralty, a mixture of public law, and of maritime law and equity was often found in the same suit. Probably, there were few, if any, States in the Union, in which some new legal remedies differing from the old common law forms were not in use; but in which, however, the trial by jury intervened, and the general regulations in other respects were according to the course of the common law. Proceedings in cases of partition and of foreign and domestic attachment, might be cited as examples variously adopted and modified. In a just sense, the amendment then may well be construed to embrace all suits, which are not of equity and admiralty jurisdiction, whatever may be the peculiar form which they may assume to settle legal rights.

Although there are few reported cases in other jurisdictions dealing specifically with the question at issue, all cases found by this court support the proposition and the interpretation of Justice Story that actions that were equitable in nature, and not a part of the common law when the Constitution of the United States was adopted, were not intended to be tried to a jury unless jury trials were available at common law. "Historically, divorce was not a branch of the common law." Bernatavicius v. Bernatavicius, 259 Mass. 486, 156 N.E. 685, 686 (1927). In Brown v. Brown, 215 S.C. 502, 56 S.E.2d 330 (1949), the court offered the following explanation for this:

528

The English Law concerning divorce and causes of divorce as it existed prior to the American Revolution, was the Ecclesiastical Law, and not the common law. It was administered by judges and courts, whose jurisdiction never existed in this country; and it has never been recognized as a part of our common law.

As a result, in those cases where the question has been considered, the courts have been uniform in holding that there is no right to a trial by jury in an action for divorce because, at or before the adoption of the Seventh Amendment, such actions were tried by the ecclesiastical courts without the aid of a jury. Divorce actions, therefore, are not within the scope of a constitutional provision that preserves the right to a jury trial where it existed at common law.

█ The right to a jury trial in divorce cases

did not exist at the time of the adoption of the Constitution; hence the constitutional provision is inapplicable. . . .

Budlong v. Budlong, 142 A. 537, 540 (S.Ct. R.I. 1928). In Biltgen v. Biltgen, 121 Kan. 716, 250 P. 265, (1926), the Supreme Court of Kansas had occasion to go even further and say:

In an action for a divorce involving a division of property between the parties, a jury trial is not a matter of right. If the defendant desired a jury trial on the issues presented by him, he should have instituted a separate action therefor. It was not error to refuse to submit this issue [by which the defendant sought to recover money under a cause of action set up by him] to a jury.

Finally, in McLachlan v. McLachlan, 101 C.A. 106, 281 P. 512, 513 (App. Div. Cal. 1929), the court quoted from 9 California Jurisprudence, p. 718, § 81, as follows:

As the Constitution secures the right only in those cases in which it existed at common law, and as the right of trial by jury did not exist in divorce cases at common law, it follows that a trial by jury in a divorce action cannot be demanded as a matter of right under the Constitution.

See also Melancon v. McKeithan, 345 F.Supp. 1025 (E.D. La. 1972) (three judge court), aff'd sub nom. Hill v. McKeithan, 409 U.S. 493, 93 S.Ct. 290, 34 L.Ed.2d 214; Davis v. Edwards, 409 U.S. 1098, 93 S.Ct. 908, 34 L.Ed.2d 679 (1972).

Thus, this court is of the belief that no right existed at common law to a trial by jury in a divorce action. Consequently the issue is whether the court can and should convene an advisory jury. As noted, before the merger of law and equity a court of equity could, if it wished, summon an advisory jury to assist it in deciding a case. See e.g. Title III, Chapter 38, § 1 of the 1921 Codes; cf. Kohn v. McNulta, 147 U.S. 238, 13 S.Ct. 298, 37 L.Ed. 150 (1893). This practice has been perpetuated by Rule 39(c) of the Federal Rules of Civil Procedure, which provides:

Advisory Jury and Trial By Consent. In all actions not triable of right by a jury the court upon motion or of its own initiative may try any issue with an advisory jury or, except in actions against the United States when a statute of the United States provides for trial without a jury, the court, with the consent of both parties, may order a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right.

While there are instances where an advisory jury would be an aid to the court, Rule 39(c) makes the convening of such a jury purely discretionary with the trial judge. The responsibility for the final decision, however, remains with the judge even when an advisory jury is used. The judge still must prepare the findings of fact and conclusions of law, and it is within the judge's discretion to accept or reject, in whole or in part, the verdict of the jury. Wilson v. Prasse, 463 F.2d 109 (3d Cir. 1973); 9 Wright & Miller, Federal Practice and Procedure: Civil § 2335, at 125–26 (1971). Therefore, this court is of the belief that a jury would be singularly unhelpful in the trial of divorce actions. This belief arises from the nature of the action and

the issues that are often litigated. In addition, considerations of time and cost militate against impanelling a jury. Consequently, defendant's demand for a jury trial will be stricken.