**ALLAN CHRISTENSEN, Plaintiff**

v.

**WILLIAM CHRISTENSEN, DOREEN CHRISTENSEN COLE,
ESTATE OF JOHN CHRISTENSEN, by his Executor
MALCOLM DANIEL, and HEIN CHRISTENSEN,
Defendants**

Civil No. 328/1979

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

January 9, 1980

MARIA T. HODGE, ESQ., St. Thomas, V.I., *for plaintiff*

CHARLES S. WAGGONER, III, ESQ., St. Thomas, V.I., *for Doreen Christensen Cole*

EDITH L. BORNN, ESQ., St. Thomas, V.I., *for Hein Christensen*

JORGE RODRIGUEZ, ESQ., St. Thomas, V.I., *for Estate of John Christensen*

PETERSEN, *Judge*

## MEMORANDUM OPINION

This action is before the court on defendant Doreen Cole's motion to dismiss for lack of subject matter jurisdiction. Defendant contends that the matter in controversy exceeds the jurisdictional maximum of this court, 4 V.I.C. § 76(a). Upon consideration of the relevant case law, and for the reasons set forth herein, the court concludes that it is without jurisdiction to hear this case. Defendant's motion, therefore, will be granted.

3

Plaintiff in this action signed an agreement with the defendants on March 19, 1971. This agreement provided for the defendants to pay the sum of $60,000.00 plus attorney's fees of $5,000.00, in consideration for his waiver of a $100,000.00 claim against Edna Christensen. Payment, pursuant to this agreement, was to be made in installments of not less than $15,000.00 per year with interest accruing on the unpaid balance at the rate of six percent (6%) per annum. The first payment was to be made within 60 days of settlement of the Trust Agreement of Edna Christensen, following her death.[1]

Plaintiff takes the position that the first installment under the contract, in the amount of $15,000.00, became due on March 3, 1977, and that $15,000.00 became due on that date each succeeding year. Thus, by his complaint, plaintiff claims that he is currently owed the sum of $45,000.00 with interest at the rate of six percent (6%) per annum from March 3, 1977.[2] The sole issue for the court's determination is whether plaintiff's claim, based upon the March 19, 1971, contract exceeds the jurisdictional monetary limits of this court.

Title 4, § 76(a) gives this court "original jurisdiction concurrent with that of the District Court in all civil actions wherein the matter in controversy exceeds the sum of $500.00 but does not exceed the sum of $50,000.00." This concurrent jurisdictional grant is not calculated exclusive of interest and costs as is the Territorial Court's "exclusive" jurisdiction given at 4 V.I.C. § 75. Thus, the court was concerned initially that plaintiff's claim as pleaded in the complaint exceeded on its face the $50,000.00 jurisdictional limit if the interest demand was included.[3] However, by way of a supplemental memorandum of law plaintiff has qualified his claim,

---

[1] The trust instrument is dated March 4, 1963, Hein Christensen is named trustee. By way of answer in this action, Hein Christensen states that he is not a party to the March 19, 1971, agreement and that the trust of Edna Christensen still has assets not yet distributed.

[2] In the alternative, in the event the court determines that the trust is not, in fact, settled, plaintiff prays for a mandatory injunction directing Hein Christensen to settle the estate of Edna Christensen, or for a declaratory judgment that the estate has been settled within the contemplation of the March 19, 1971, agreement.

[3] Accepting plaintiff's allegation that the obligation accrued March 3, 1977, by the court's calculation $45,000.00 plus six percent (6%) simple interest from that date to October 3, 1979, amounts to $51,975.00. Interest calculated to date of judgment, as prayed for in the complaint, would, of course, represent an even greater sum.

4

advancing a different interpretation which avoids the jurisdictional dilemma with regard to interest. Plaintiff asserts that interest will accrue only after payment of the first installment. Since there have been no payments under the contract, plaintiff contends that no interest has accrued and accordingly the total amount in controversy is simply $45,000.00. Since plaintiff appears willing to waive his claim to prejudgment interest, based upon a very plausible, albeit not very advantageous interpretation of the contract, the matter of interest will not resolve the jurisdictional issue posed herein.

The thrust of the defendant's motion is that the amount in controversy in this action is actually $65,000.00, the value of the entire contract. Despite the fact that plaintiff is suing for the first three installments only, defendant maintains that before there can be any recovery, the validity of the entire contractual agreement must be established. Plaintiff candidly conceded this at oral argument. Yet, plaintiff steadfastly contends, as he must, that it is only the $45,000.00 alleged to be due and owing which constitutes the matter in controversy for purposes of establishing a jurisdictional base. Relying on Meridian Engineering v. West Indies Investment, 12 V.I. 114 (D.V.I. 1975), plaintiff maintains that the jurisdictional test

> is not what is involved (whether it be a $34,000, $50,000 or $100,000 contract) but rather what amount is actually *in controversy* and whether, in rendering judgment, the Municipal Court might find itself in a position of having to award to either party a judgment in excess of $10,000.[4]

This language is initially appealing; however, the facts of Meridian, supra, are distinguishable from those of the instant action. The contract in Meridian was valued at $23,000.00 plus. However, all monies under the contract had previously been paid with the exception of a subsequent, additional claim for $7,667.00, which formed the nucleus of dispute in that action. It is significant that the court in Meridian could not be called upon to weigh the validity of the contract as a whole, as that issue had long since been conceded. For this important reason, and in light of the decision in Smith v. Halpern, 14 V.I. 408 (Mun. Ct. Div. St. T. & St. J., Aug. 18, 1975), the court does not find Meridian to be dispositive.

In Smith, supra, the court sua sponte raised the issue of whether

---

[4] At the time this decision was rendered in the Municipal Court of the Virgin Islands, the court's concurrent jurisdictional maximum was $10,000.00, exclusive of interest and costs. 4 V.I.C. § 74, as amended Feb. 8, 1965, No. 1291, § 7 Sess. L. 1965.

the cause was beyond its jurisdictional limit of $10,000.00, exclusive of interest and costs. The action was for breach of a real property installment contract bearing a face value of $10,500.00. Plaintiff sought return of $3,500.00 paid pursuant to the contract, claiming that the defendant had breached by failing to convey the full amount of square footage as agreed. The court declined jurisdiction, on the grounds that the validity of the total contract was being challenged.

In so holding the court noted that:

> [I]n the case at hand, there is no doubt in my mind that "the matter in controversy" is $10,500. Any judgment I could render in this case would necessarily involve a decision whether or not the entire contract ab initio was breached by the defendant's failure to convey a parcel of land containing the exact square footage indicated in the public works drawing. *In Meridian Engineering there was no such all-inclusive issue to be considered.* (Emphasis added.)

Certainly there is an all-inclusive issue to be considered in this case. Any judgment rendered in this debt action would necessitate preliminarily the adjudication of a property right worth $65,000.00. Thus, it is the entire contract, for jurisdictional purposes, which determines the amount in controversy in this action. Accordingly, the court concludes pursuant to 4 V.I.C. § 76(a) that it is without jurisdiction to hear this case.

## ORDER

The premises considered and the court being fully advised, in accordance with the Memorandum Opinion entered herein, it is

ORDERED that defendant Doreen Christensen Cole's motion to dismiss for lack of subject matter jurisdiction, be and the same hereby is, granted.