**LENORE DER WEER, as Personal Representative of the ESTATE OF JOHN DER WEER, Plaintiff**

**v.**

**HESS OIL VIRGIN ISLANDS CORPORATION, et al., Defendants**

Case No. SX-05-CV-274

Superior Court of the Virgin Islands

Division of St. Croix

April 25, 2016

JERRY H. EVANS, ESQ., Richardson Patrick Westbrook & Brickman, LLC, Mt. Pleasant, SC, THOMAS ALKON, ESQ., Law Offices of Thomas Alkon, P.C., Christiansted, USVI, *For Plaintiff.*

SUNSHINE S. BENOIT, ESQ., Barnes & Benoit, LLP, Christiansted, USVI, WALTER G. LATIMER, ESQ., Wilson Elser Moskowitz Eldelman & Dicker, LLP, Miami, FL, *For Hess Oil Virgin Islands Corporation and Hess Corporation, Defendants.*

W. MARK WILCZYNSKI, ESQ., Law Office of W. Mark Wilczynski, P.C., St. Thomas, USVI, *For John Crane, Inc. and Madsen & Howell, Inc., Defendants.*

MOLLOY, *Judge*

## MEMORANDUM OPINION

(April 25, 2016)

**THIS MATTER** comes before the Court following briefing requested in advance of jury selection and trial. On November 10, 2015, the Court heard argument on all dispositive motions and ruled from the bench on certain non-dispositive motions. The Court also scheduled jury selection and trial to commence on June 20, 2016. By order entered March 23, 2016, the Court reduced its November 10, 2015 rulings to writing as provided by Superior Court Rule 5 and further advised the parties that, pending a decision on the motion to sever and to stay Defendants Hess Oil Virgin Islands Corporation and Hess Corporation[1] (together "Hess Defendants") filed March 27, 2014, which Defendants John Crane, Inc. and Madsen & Howell, Inc. joined on April 2, 2014, "counsel shall prepare for jury selection and trial going forward on all claims and

---

[1] This defendant informed the Court by notice filed April 6, 2016 of its correct corporate name. Accordingly, by order entered April 22, 2016, the Court amended the caption to substitute Hess Corporation in place of Amerada Hess Corporation as the correct party in interest.

counterclaims (however denominated) jointly."[2] (Order 2, entered Mar. 23, 2016.) In a second order entered the same day, the Court directed the parties to a conflict in the Virgin Islands Code concerning the number of jurors in civil trials:

> Section 80 of title 4 of the Virgin Islands Code provides in part that "in all cases in which the parties are entitled to a trial by jury and in which a jury trial is properly demanded, the action shall be tried to a jury composed by *six members* unless the parties agree, with the consent of the court, upon a lesser number." However, another statute, section 322 of title 5 of the Virgin Islands Code, directs that "the trial jury in civil actions shall consist of *twelve persons*, unless the parties consent to a lesser number." These statutes are in direct conflict and the conflict appears unresolved.

(Order 1, entered Mar. 23, 2016 (emphasis added) (brackets omitted).) The Court then referred the parties to two cases, *Rubin v. Johns*, 21 V.I. 525 (Terr. Ct. 1985), and *Kalloo v. Estate of Small*, 62 V.I. 571 (V.I. 2015), to help frame the issue and ordered "all parties remaining in this matter" to serve and file a brief or a stipulation. (Order 2, entered Mar. 23, 2016.) If all of the parties consented to a jury of six persons, then they were given twenty-one days to file a stipulation signed by their counsel. If the parties did not agree, then within fourteen days their counsel had to submit a brief addressing which statute governs the number of jurors in civil trials. Because trial is scheduled for June 20, 2016, the Court further stated that it "wants to resolve this possible conflict before trial." *Id.*

The Hess Defendants and Plaintiff Lenore Der Weer, both on April 6, 2014, filed briefs in support of their respective position. Mrs. Der Weer "urges this Court" to follow section 80 and empanel a six-member jury. (Pl.'s Br. in Supp. of Six Member Civil Jury 1 filed Apr. 6, 2016.) In contrast, the Hess Defendants "request a twelve-person jury." (Hess Defs' Br. in Supp. of Twelve-Member Jury 1, filed Apr. 6, 2016.) Defendants John Crane, Inc. and Madsen & Howell, Inc. each informed the Court by notice, filed April 21, 2016, that they were joining the Hess Defendants'

---

[2] Because Superior Court Rule 34 directs that "[a]ll claims in the nature of . . . cross-action, or any other claim for relief . . . [must] be asserted in an answer as a counterclaim," the Court refers to the cross-claims the defendants asserted in their answers as counterclaims.

positions. Because the Court concludes that this question is "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal . . . may materially advance the ultimate termination of litigation," 4 V.I.C. § 33(c), the Court will by separate order certify the question to the Supreme Court of the Virgin Islands and further request — should the Supreme Court accept the question and subject to its discretion — that the appeal be expedited basis given the approaching trial date. This memorandum opinion provides this Court's reasoning on the question raised.[3]

## DISCUSSION

The Seventh Amendment to the United States Constitution provides:

> [i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.

U.S. CONST., amend. VII. The right of trial by jury was not among the rights extended to the Territory in 1917 by the United States when it acquired the Virgin Islands from the Kingdom of Denmark. *See generally* Act of Mar. 3, 1917, 39 Stat. 1132. But Congress did direct that the "local laws, in force and effect . . . shall remain in force and effect in said island, and . . . . [w]ith the approval of the President, or under such rules and regulations as the President may prescribe, any of said laws may be repealed, altered, or amended by the colonial council having jurisdiction." Act of Mar. 3, 1917, § 2, 39 Stat. at 1132, *codified as amended at* 48 U.S.C. § 1392. When the Colonial Council for the Municipality of St. Thomas and St. John and the Colonial

---

[3] The Virgin Islands Supreme Court has not said whether the certifying court must answer the question certified or explain how it would rule. Other appellate courts have held that the court should give its reasoning and frame the question. *See, e.g., Isra Fruit Ltd. v. Agrexco Agricultural Export Co. Ltd.*, 804 F.2d 24, 25 (2d Cir. 1986) (explaining that the federal statute (on which 4 V.I.C. § 33(c) is based) "authorizes certification of orders for interlocutory appeal, not certification of questions" but explaining further that "in certifying an order for interlocutory review it is helpful if the . . . judge frames the controlling question(s) that the judge believes is presented."); *Voss v. Lincoln Mall Mgmt. Co.*, 166 Ill. App. 3d 442, 519 N.E.2d 1056, 1063 (1988) (noting same) (collecting cases). Accordingly, this Opinion gives an answer to the question. *Cf. Bryan v. Fawkes*, 61 V.I. 416, 476 (V.I. 2014) ("the Superior Court must, at an absolute minimum, issue a ruling and explain its decision so that it may be effectively reviewed by this Court on appeal.").

Council for the Municipality of St. Croix adopted codes of law for each district in 1921, they provided the right to trial by jury in both criminal and civil cases to the Virgin Islands. Title 3, chapter 15 of each code (commonly referred to as the 1921 Codes) provided:

> Jurors for the trial of issues of fact in civil causes shall be selected and summoned in the same manner by Chapter Twelve of Title Five of this Ordinance, and shall have the same qualifications and be entitled to the same exemptions, it being the intent and meaning of this section that but one jury shall be summoned for the trial of *all actions, civil and criminal*, triable by the district court of the district.
>
> Trial juries in civil actions shall be formed in the same manner as provided in Chapter Thirteen of Title Five of this Ordinance . . . .
>
> . . . .
>
> Before a jury is impaneled in a civil action a request for a jury shall be made by . . . the party desiring a jury, which request shall also be accompanied by the fees for such jury, provided however that the court may, on its own motion, order a jury impaneled in any civil action.

Code of Laws for St. Thomas & St. Jan Mun., tit. 3, ch. 15, §§ 8-9 (1921) (hereinafter "1921 Codes"), *repealed by* 1 V.I.C. § 5, *reprinted in part* V.I. CODE ANN. tit. 5, § 321 (1997 ed.) (historical source note). Chapter twelve of title five of the 1921 Codes gave the qualifications to be a juror, which is not at issue here. And chapter thirteen directed that "[t]he Jury shall consist of twelve person[s] unless in misdemeanor and civil actions the parties consent to a less number, which must be at least six." 1921 Codes, tit. 5, ch. 13 § 1.

Even though "[t]he United States [had] acquired the Virgin Islands by purchase from Denmark in 1917 . . . it was not until the Organic Act of 1936 that Congress provided a complete government — including a Legislative Assembly," *Granville-Smith v. Granville-Smith*, 3 V.I. 701, 708, 349 U.S. 1, 7, 75 S. Ct. 553, 99 L. Ed. 773 (1955), and a bill of rights. *See* Organic Act of 1936, § 34, 49 Stat. 1807, 1815, *codified at* 48 U.S.C. § 1406g, *superseded by* Revised Organic Act of 1954, § 3, 68 Stat. 497, 497, and *expressly repealed by* Act of Oct. 19, 1982, tit. III, § 307, 96 Stat. 1705, 1709. And even though Congress later extended "the right to trial by jury to the Virgin Islands in 1936 when it adopted an organic act to govern the Territory," *People v. Velasquez*, 62 V.I. 3, 9 (Super. Ct. 2014),

only the right to be tried by a jury in criminal cases was given, not in civil cases. *See* Organic Act of 1936, § 31, 49 Stat. 1807, 1814, *codified at* 48 U.S.C. § 1406c, *superseded by* Revised Organic Act, § 26, 68 Stat. 497, 507 (1954), and *expressly repealed by* Act of Oct. 19, 1982, § 307, 96 Stat. 1705, 1709. But, of course, the right already existed at the time under the 1921 Codes.

Congress revised the Organic Act in 1954 and among other changes merged the municipal councils into a unicameral body designated as the Legislature of the Virgin Islands and expanded the jurisdiction that the Legislature could vest in local courts. *See generally* Revised Organic Act §§ 3, 5(a), 21-23, 68 Stat. 497, 497-98, & 506 (1954), *codified as amended at* 48 U.S.C. §§ 1561, 1571 and 1611. Congress also authorized the Secretary of the Interior

> to arrange for the preparation of a code of laws of the Virgin Islands, to be entitled the "Virgin Islands Code", which shall be a consolidation, codification and revision of the local laws and ordinances in force in the Virgin Islands. When prepared, the Governor shall submit it, together with his recommendations, to the legislature for enactment. Upon the enactment of the Virgin Islands Code it and any supplements to it shall be printed, at Federal expense, by the Government Printing Office as a public document.

Revised Organic Act § 8(e), 68 Stat. 497, 501.[4] As a result, "[t]he laws of the Virgin Islands . . . were overhauled with the passage of the 1954 Revised Organic Act . . . and with enactment of the Virgin Islands Code by the Legislature" in 1957. *Penn v. Penn*, 14 V.I. 522, 524-25 (Terr. Ct. 1978).

To create one code of laws for the Territory, the Legislature revised and reenacted or repealed the 1921 Codes and all other laws and ordinances in effect at the time. *See Bermudez v. V.I. Tele. Corp.*, 54 V.I. 174, 186 (Super. Ct. 2011) ("All available laws, including the 1921 Codes were classified according to subject matter, carefully edited, and arranged into 34 titles" to enact "a comprehensive code for the U.S. Virgin Islands." (citation and quotation marks omitted)). Among the laws recodified and

---

[4] Congress later struck the "and any supplements to it" language four years later. See Act of Aug. 28, 1958, § 3, 72 Stat. 1094, 1094 ("Subsection (e) of section 8 of said Act is amended by striking the words 'and any supplements to it'.").

reenacted into the Virgin Islands Code from the 1921 Codes was the statutory right to trial by jury in civil cases. Section 322 of title 5 of the Virgin Islands Code provides that "[t]he trial jury in civil actions shall consist of twelve persons, unless the parties consent to a lesser number." And the historical notes to the section give its source as "Based on 1921 Codes, Title III, ch. 15, § 9; Title V, ch. 12, § 9; Title V, ch. 13, §§ 1, 2." V.I. CODE ANN., tit. 5, § 322 (1997) (historical note). The Legislature also adopted a new provision in the 1957 code not found in the 1921 Codes. Section 321 of title 5 of the Virgin Islands Code was enacted to provide that "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution of the United States shall apply in civil actions in the District Court of the Virgin Islands, except as otherwise provided by law." But when the Virgin Islands Code took effect in 1957, the Seventh Amendment had not been extended to the Virgin Islands. It was not until 1968 that Congress extended the constitutional right to trial by jury in civil cases to the Virgin Islands.

In 1968, in addition to giving residents of the Virgin Islands the right to elect their own governor, Congress made further revisions to the Revised Organic Act including revisions to

> section 3 — the Territory's "Bill of Rights" — to extend to the Virgin Islands the "first to ninth amendments inclusive" of the United States Constitution, directing that those amendments . . . shall have the same force and effect in the Territory as in the United States or in any State.

*Velasquez*, 62 V.I. at 11 (citing V.I. Elec. Gov. Act of 1968, § 11, 82 Stat. 837, 841, *codified at* 48 U.S.C. § 1561). So although a statutory right of trial by jury in civil cases existed from 1921, the constitutional right to jury trial in civil cases was not granted formally until 1968. Approximately ten years later, the Legislature, in 1976, extended the right to "jury trials . . . for the first time . . . [to] non-federal courts in the Virgin Islands" through what was commonly called the Territorial Court Act. *Gov't of the V.I. v. Harthman*, 19 V.I. 349, 354 (Terr. Ct. 1983); *see generally* Act No. 3876, 1976 V.I. Sess. L. 187 (Sept. 9, 1976).

> When the 1921 Codes were in effect, the local judiciary consisted of three Police Courts, which were not courts of record and only possessed concurrent jurisdiction with the District Court over civil claims not exceeding $200.00. When the Legislature replaced the Police

Courts with the Municipal Court . . . in 1957, it vested the Municipal Court with exclusive jurisdiction over civil cases up to $500.00 and concurrent jurisdiction with the District Court over civil cases exceeding $500.00 but no more than $10,000.00.

*Banks v. Int'l Rental & Leasing Corp.*, 55 V.I. 967, 978 n.6 (V.I. 2011). In 1976, the Territorial Court Act changed the name of the Municipal Court to the Territorial Court, expanded the local court's jurisdiction, and extended the right to trial by jury to the local courts. 1976 V.I. Sess. L. Section 80 of title 4 of the Virgin Islands Code, enacted as part the Territorial Court Act, provided that

> in all cases in which the parties are entitled to a trial by jury and in which a jury trial is properly demanded, the action shall be tried to a jury composed by six members unless the parties agree, with the consent of the court, upon a lesser number provided, however, that in criminal actions involving alleged felonies, the accused shall be entitled to a jury composed of twelve members.

However, the Legislature delayed the implementation of section 80 and the Territorial Court's new authority to "impanel juries until January 1, 1979." *Penn*, 14 V.I. at 523 n.1.

In 1979, the Territorial Court had "original jurisdiction concurrent with that of the District Court in all civil actions wherein the matter in controversy exceeds the sum of $500.00 but does not exceed the sum of $50,000.00." *Christensen v. Christensen*, 17 V.I. 3, 4 (Terr. Ct. 1980) (quotation marks and citation omitted). In 1981, the Legislature increased the monetary limit to $200,000. *See* Act No. 4647, § 1, 1981 V.I. Sess. L. 260 (Oct. 20, 1981). Then, in 1984, Congress again revised the Revised Organic Act and "drastically changed the landscape of the judicial system in the Virgin Islands of the United States." *People v. Dowdye*, 48 V.I. 45, 61 (Super. Ct. 2006).

> The historic amendments gave the local legislature the ability to confer greater autonomy by statute to the local courts, which it chose to do, divesting the District Court of most of its jurisdiction over local matters. By 1991, the Territorial Court assumed full jurisdiction over all local civil actions . . . [and t]hree years later, the Territorial Court, effective January 1, 1994, was granted original jurisdiction over all local

criminal actions. The latest implementation of the 1984 amendments took place in 2004 when the legislature changed the name of the Territorial Court of the Virgin Islands to the Superior Court of the Virgin Islands, the name it retains today.

*Id.* (quotation marks, emphasis, and internal citations omitted). Yet, despite all of these changes, the Legislature never comprehensively revised the Virgin Islands Code to remove the remaining (and sometimes inconsistent) references to the District Court of the Virgin Islands.

■ In *Beachside Associates, LLC v. Fishman*, 54 V.I. 418, 420 n.3 (V.I. 2010), the Supreme Court of the Virgin Islands, citing *Parrot v. Government of the Virgin Islands*, 43 V.I. 277 (3d Cir. 2000), concluded that "references to the 'district court' enacted prior to the subsequent reduction in the District Court's jurisdiction over purely local matters had been implicitly repealed." The Court further explained that unlike prior revisions to the code that struck all references to Territorial Court and replaced them with Superior Court, "it was not possible for the Legislature to simply replace every reference to 'district court' in the Virgin Islands Code with 'Supreme Court' " — or with "Superior Court" where appropriate — "because the District Court, prior to the expansion of the jurisdiction of the local Virgin Islands judiciary, simultaneously acted [as] a federal trial court, a local trial court, and a local appellate court." *Id.* In other words, such revisions would require a scalpel and not an axe. Nonetheless, the Virgin Islands Supreme Court has consistently directed that " 'all references to the District Court in the Virgin Islands Code enacted prior to 1991 have been implicitly repealed.' " *In re Change of Name of Reynolds*, 60 V.I. 330, 333, n.3 (V.I. 2013) (brackets omitted) (quoting *In re Rogers*, 57 V.I. 553, 558 n.1 (V.I. 2012)); *see also Kalloo*, 62 V.I. at 578 n.3 ("[T]he reference to "the district court" in section 165 [of title 15] — like all references to the District Court in the Virgin Islands Code enacted before the Legislature adopted 4 V.I.C. § 76 — has been implicitly repealed." (internal alterations, quotation marks, and citations omitted)). And herein lies the question before this Court.

Although neither section 80 of title 4 nor section 322 of title 5 explicitly refers to the Superior Court or to the District Court respectively, section 321 of title 5 does refer to the District Court by name. *See* 5 V.I.C. § 321 ("The right of trial by jury . . . shall apply in civil actions in the District Court of the Virgin Islands, except as otherwise provided by

168

law."). Additionally, the placement of both statutes within the Code, as well as their respective histories, all support concluding that section 322 applied only to the District Court and that section 80 applied only to the Territorial Court. *But cf.* 1 V.I.C. § 44. The question raised is whether this is still the case. That is, if all references to the District Court in any statute enacted before 1991 have been implicitly repealed from the Virgin Islands Code and replaced either with the Superior Court or the Supreme Court depending on the context, then the question becomes whether the Legislature impliedly repealed section 80 of title 4 when it expanded the jurisdiction of the former Territorial Court now the Superior Court, or whether the Legislature instead implicitly repealed sections 321 and 322 of title 5 and left section 80 of title 4 in place. The statutes conflict. Section 80 allows for six-member juries whereas section 322 requires a twelve-person jury.

In her brief, Mrs. Der Weer, citing *In re Name Change of Reynolds*, explains that "[i]t is settled in this jurisdiction that the legislature can implicitly repeal one statute by enacting another, subsequent, contradictory statute." (Pl.'s Br 2.) She then concludes that "the 1976 statute implicitly repealed 5 V.I.C. § 322 because it was enacted at a later date, it covers the exact same subject, and it directly contradicts the earlier statute." *Id.* Citing *Williams v. Florida*, 399 U.S. 78, 90 S. Ct. 1893, 26 L. Ed. 2d 446 (1970) and *Colgrove v. Battin*, 413 U.S. 149, 93 S. Ct. 2448, 37 L. Ed. 2d 522 (1973), she further notes "that a 12 member jury was not a constitutional requirement" when 4 V.I.C. § 80 was enacted and that the Legislature enacted section 80 "within the context" of the "pronouncements" of the Supreme Court of the United States "clarifying the constitutional requirements regarding the number of jurors." *Id.* at 2-3. So, because "the empanelling of six-member juries in civil trials has been the customary practice in the Superior Court of the Virgin Islands for many years," Mrs. Der Weer asks that it continue and that the Court hold that section 80 governs, not section 322.

The Hess Defendants, joined by John Crane and Madsen & Howell, counter that section 322 controls. This statute was not implicitly repealed, they argue, because it "makes no reference to" the District Court, just like section 358 of title 5 of the Virgin Islands Code, "which provides that five-sixths of a jury may render a verdict in civil actions." (Hess Defs.' Br. 3.) That statute also does not refer to the District Court directly. "Indeed, the only reference," they note, "to the District Court is in the first section

of Chapter 31, which confers the Seventh Amendment right to trial by jury to the District Court of the Virgin Islands." *Id.* But it does not limit the right to the District Court, the Hess Defendants counter. "[R]ather, it merely allows for trial by jury. That right is exercised in both the District Court and the Superior Court of the Virgin Islands, and 5 V.I.C. § 322 is still valid law." *Id.* Consequently, section 322 "is the applicable law, and entitles these defendants, and all other parties, to a twelve-person jury." *Id.*

 When construing a statute courts typically consider the plain language first. If reading the statute as it was written yields a result that is not absurd or contrary to its intent, then the plain language controls. *See Rohn v. People*, 57 V.I. 637, 646 n.6 (V.I. 2012). Here the language of both statutes is plain, but they cover the same situation: the number of jurors in civil trials. So, the Court must look beyond the plain language. The Supreme Court has held that " 'when two statutes cover the same situation, the more specific statute takes precedence over the more general one, unless it appears the Legislature intended for the more general to control.' " *Id.* at 647 (quoting *V.I. Public Servs. Comm'n v. V.I. Water & Power Auth.*, 49 V.I. 478, 485 (V.I. 2008)). Here neither legislative intent nor a specific-over-general application is apparent. At best, the more specific statute would be section 80 in that it was intended to apply in the local courts. Another canon of statutory construction, albeit one the Virgin Islands Supreme Court has not adopted yet, also supports this conclusion. Courts have held that "the statute last-in-time" controls " '[w]hen two statutes conflict' " because " 'the general rule is that the statute last in time prevails as the most recent expression of the legislature's will.' " *People v. Thomas*, 49 V.I. 151, 155 (Super. Ct. 2007) (quoting parenthetically *Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991) (internal citation omitted). Employing this canon also yields the result that section 80 of title 4 prevails over section 322 of title 5.

As noted above, section 322 of title 5 originated with the 1921 Codes fifteen years before Congress extended to the Virgin Islands the right to trial by jury in criminal cases and forty-eight years before doing so in civil cases. And rather than reduce or diminish this right when the 1957 Code was adopted, the Legislature preserved it. But, the Legislature also could have empowered the Territorial Court in 1976 to empanel twelve-person juries in civil cases when it enacted section 80 of title 4. It did not. And it has acted since then to amend this statute to increase the number to

twelve. The Virgin Islands Supreme Court noted recently that "by extending the Seventh Amendment to the Virgin Islands" Congress "expressed a strong policy preference for civil cases to be adjudicated by a jury rather than a judge." *Antilles School v. Lembach*, 64 V.I. 400, 437 (V.I. 2016). And though Mrs. Der Weer is correct that the Supreme Court of the United States had held that a jury of six in civil cases is constitutional, neither she nor the Hess Defendants observed that "the appropriate inquiry is . . . what *Congress intended* at the time it enacted this provision." *Bryan v. Fawkes*, 61 V.I. 201, 230-31 (V.I. 2014) (emphasis added). So the question becomes then whether Congress intended in 1968 to enshrine forty-seven years of twelve-member jury trials in the Virgin Islands and confer a right greater than that guaranteed by the United States Constitution? *Cf. Murrell v. People*, 54 V.I. 338, 351 n.6 (V.I. 2010) ("[N]umerous examples exist of Congress conferring, through a territory's organic act or constitution, rights that are greater than those afforded by the United States Constitution."). Or whether Congress intended instead to provide the same six-member civil jury trial right to the Virgin Islands as guaranteed elsewhere in the federal system? *Cf. Antilles School*, 64 V.I. at 434 n.21 n.21 (declining to address "whether Congress, by incorporating the Seventh Amendment by reference through the 1968 amendments to the Revised Organic Act, intended for this reference to 'the common law' to refer to the common law as it existed in 1791, or as it existed in 1968, or to encompass only the common law of England.").

■ "The trial by jury is justly dear to the American people. It has always been an object of deep interest and solicitude, and every encroachment upon it has been watched with great jealousy." *Penn*, 14 V.I. at 527 (quoting *Parsons v. Bedford*, 28 U.S. (3 Pet.) 433, 446, 7 L. Ed. 732 (1830)). It is also a right Virgin Islanders hold dear since our legislature by statute extended the right long before Congress. But even after Congress extended the constitutional right to jury trial to the Virgin Islands, the Legislature did not extend the right to our local courts until 1976 and even then delayed its implementation until 1979. *See Rubin*, 21 V.I. at 532 ("The right to trial by jury as declared by the Seventh Amendment to the Constitution of the United States shall apply in civil actions in the District Court of the Virgin Islands, except as otherwise provided by law. 5 V.I.C. Section 321. This right was extended to litigants in the Territorial Court. 4 V.I.C. Section 80. (Effective two years from

January 1, 1977.)"). "The Legislature giveth, the Legislature taketh away. The Constitution did not prohibit it doing either," *Hill v. Taylor*, 264 Ky. 708, 95 S.W.2d 566, 569 (1936), so long as at least a jury of six is empaneled because "a jury of six satisfies the Seventh Amendment's guarantee of trial by jury in civil cases." *Colgrove*, 413 U.S. at 160.

■ Having considered the arguments of the parties and the history of the Virgin Islands judiciary, this Court holds that section 80 of title 4 of the Virgin Islands Code governs the number of jurors in civil cases filed in the Superior Court of the Virgin Islands. As the most recent expression of the will of the Legislature of the Virgin Islands, section 80 of title 4 must govern to the exclusion of section 322 of title 5 of the Virgin Islands Code. By adopting section 80 and consistently increasing the jurisdiction of the Territorial Court and then the Superior Court, the Legislature impliedly repealed section 322 of title 5 of the Virgin Islands Code.

## CONCLUSION

For the reasons stated above, the Court concludes that the number of jurors in civil cases filed in the Superior Court of the Virgin Islands is six as provided by section 80 of title 4 of the Virgin Islands Code. However, because there is substantial ground for a difference of opinion on this issue, and because an immediate appeal may materially advance the ultimate termination of this litigation,[5] the Court will by separate order certify the question to the Virgin Islands Supreme Court whether section 80 of title 4 of the Virgin Islands Code, section 322 of title 5 of the Virgin Islands Code, or some other authority controls the number of jurors in civil cases.

---

[5] Because the parties do not consent to the number of jurors that should be empaneled in this case, there is a built-in appealable issue. For instance, if the Court determines that section 80 of title 4 of the Virgin Islands Code controls, as it does in this Memorandum Opinion, and Mrs. Der Weer prevails at trial, then the Hess Defendants could argue on direct appeal that they were denied their statutory right to a twelve-member jury as provided by section 322 of title 5 of the Virgin Islands Code. So to avoid further litigation and to bring this eleven-year old case to a close, the Court concludes that certifying the question addressed herein will help advance the termination of this litigation.