**Supreme Court**

No. 2018-314-Appeal.
No. 2019-20-Appeal.
(P 18-335)

Sheila Bentley           :

v.                 :

Keven McKenna.        :

**O R D E R**

These consolidated appeals came before this Court for a prebriefing conference in May 2019.[1] At that time, the parties were ordered to appear and show cause why the issues raised in these appeals should not be summarily decided. Nevertheless, due to defendant's serious health exigencies, this case has not been scheduled for oral argument. After examining the record in this case, we are of the view that oral argument is not necessary for the resolution of this case, and that the appeals may be decided on the memoranda submitted by or on behalf of the parties.

This case concerns a complaint for divorce filed by the plaintiff, Sheila Bentley. In a responsive pleading, the defendant, Kevin McKenna, demanded a jury trial and took exception to the ruling of a justice of the Family Court that he was not entitled to a jury. The trial justice granted the complaint for divorce, and a decision pending entry of final judgment entered in November 2018.

---

[1] The defendant first filed an interlocutory appeal, taking exception to the denial of his pretrial motion for a trial by jury. The defendant's second appeal was posttrial, wherein defendant took the same exception. Because both appeals address an identical issue, we granted plaintiff's motion to consolidate the appeals.

- 1 -

Before this Court, defendant again presses that his right to a jury trial was violated because a jury trial in his divorce proceeding was not permitted. His argument is that article 1, section 15 of the Rhode Island Constitution says: "The right of trial by jury shall remain inviolate."

However, this is not the first time we have addressed that argument. Ninety-two years ago, in *Budlong v. Budlong*, 142 A. 537 (R.I. 1928), this Court considered whether it was error for a justice of the Superior Court to deny a motion for a jury trial in a divorce proceeding.[2] *Budlong*, 142 A. at 540. The appellant in that case based her argument upon the same constitutional article to which defendant here ties his argument. We said:

> "The respondent excepted to the denial of her motion for a jury trial of this cause. The respondent bases that exception upon the constitutional provision that 'the right of trial by jury shall remain inviolate.' The right to demand a jury trial in divorce cases did not exist at the time of the adoption of the Constitution; hence the constitutional provision is inapplicable in this case." *Id.*

*Budlong* remains good law, and we shall not depart from its holding. The judgment of the Family Court is affirmed.[3]

---

[2] At that time, Superior Court exercised jurisdiction over domestic matters. Legislation creating the Family Court was not enacted until 1961. General Laws 1956 § 8-10-3, as enacted by The Family Court Act, P.L. 1961, ch. 73, § 1.

[3] The defendant also seems to argue that, when Rhode Island ratified its new constitution after the State Constitutional Convention of 1986, the "voters of [t]he State of Rhode Island intended that Family Court would provide the right to a jury trial in the Family Court." He also argues that the addition of the Equal Protection and Due Process Clauses of the Rhode Island Constitution following the 1986 Convention means "that the jury trial could not be eliminated." We reject these and any other arguments defendant offers that a right to a jury trial exists in cases of divorce, whether by virtue of the Rhode Island Constitution, the United States Constitution, or otherwise. When the Rhode Island Constitution was ratified following the 1986 Convention, "[t]he right to demand a jury trial in divorce cases did not exist[,]" *Budlong v. Budlong*, 142 A. 537, 540 (R.I. 1928), and article 1, section 15 is inapplicable. Nothing in the changes made to the constitution in 1986 added the right to a trial by jury in divorce cases. On the federal front, defendant's allusion to the Seventh Amendment to the United States Constitution is similarly unavailing. *See Penn v. Penn*, 14 V.I. 522, 529 (V.I. 1978) ("[T]here is no right to a trial by jury in an action for divorce because, at or before the adoption of the Seventh Amendment, such actions were tried by the ecclesiastical courts without the aid of a jury. Divorce actions, therefore, are not within the scope of a constitutional provision that preserves the right to a jury trial where it existed

Entered as an Order of this Court this 23rd day of June, 2020.

_____  /s/  
Clerk

---

at common law."). *See generally* John K. Matsumoto, Why No Right to Jury Trial in Marital Dissolution Actions, 11 J. Contemp. Legal Issues 202, 202 (2000) (explaining that "[t]he Federal Constitution's seventh amendment guarantee of jury trial in civil cases is of no direct assistance").

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Sheila Bentley v. Keven McKenna. | |
| **Case Number** | No. 2018-314-Appeal.<br>No. 2019-20-Appeal.<br>(P 18-335) | |
| **Date Order Filed** | June 23, 2020 | |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. | |
| **Source of Appeal** | Providence County Superior Court | |
| **Judicial Officer From Lower Court** | General Magistrate Felix E. Gill | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Veronica Assalone, Esq.<br>Victoria S. Lombardi, Esq. | |
| | For Defendant:<br><br>Keven McKenna, Pro Se | |